hWALTZER, Judge.

STATEMENT OF CASE

On 24 August 1990, the defendant was charged with one count of driving while intoxicated, third offense. Arraignment was set for 10 September 1990, and when the defendant failed to appear on that date, the court issued a capias for his arrest. He remained at large until he was stopped for an unrelated DWI charge in October, 1998. He appeared on 16 October and pled not guilty. He subsequently filed a motion to quash the bill of information, alleging that the time limitations for prosecution had lapsed. The court denied this motion on December 1st and granted the defendant seven days to seek relief in this court. The relator timely filed his writ application but failed to include the transcript of the hearing. In response to an order of this court, the relator has now filed the pertinent transcript. Because this court stayed all proceedings, there is currently no trial date.

DISCUSSION

The relator contends the trial court erred by denying his motion to quash the bill of information based upon the State’s failure to bring him to trial within the time limitation of La.C.Cr.P. art. 578, which provides in part that the State must bring a defendant to trial within two years of the institution of prosecution for a felony offense. The relator is charged with DWI,. third offense, which as per La. R.S. 14:98(D) mandates a sentence of not less than one nor more than five years with or without hard labor, the first six months of which must be served without benefit of parole, probation, or suspension of sentence. La.C.Cr.P. art. 579 provides in part that the period of limitation set forth in La.C.Cr.P. art. 578 shall be interrupted if: “(1) The defendant at any time, with the purpose to avoid detection, ^apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.” [1] As noted in State v. Rome, 93-1221 p. 4 (La. 1/14/94), 630 So.2d 1284, 1287: “An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute.” When a defendant seeks to quash the charges against him due to a violation of the La.C.Cr.P. art. 578 time limitation, the State bears the burden of showing that an interruption as envisioned by La. C.Cr.P. art. 579 occurred. The State is held to a “heavy burden” of showing just and legal cause for the interruption. See Rome supra; State v. Taylor, 439 So.2d 410 (La. 1983); State v. Mattox, 96-2370 (La.App. 4 Cir. 12/10/97), 704 So.2d 380 writ denied 98-1701 (La.8/28/98), 723 So.2d 419, and 98-2395 (La.9/25/98), 725 So.2d 493.
Here, the relator contends he was arrested in March, 1990 for the present offense, and he appeared for arraignment in Traffic Court. However, the City refused the charge in August, 1990, and he alleges he was not informed that the State filed charges *1264 against him until he was arrested in October, 1998. At the hearing on his motion to quash this charge, the prosecutor indicated that the State charges were filed in March, 1990. However, he was mistaken because the docket master indicates that the State filed the present charge in August, 1990, apparently a few days after the City refused the charge.[2]
The hearing reveals that the State did not present any evidence to show that the time limitations of La.C.Cr.P. art. 578 had been interrupted. Defense counsel ^argued, and the State did not present any evidence to dispute, that the defendant had lived in the New Orleans area during the ensuing eight years and was consistently listed in the local telephone directory during this time. The State argued that a capias was issued for the relator’s arrest when he failed to appear at arraignment in September, 1990. However, the State presented no evidence to show that the relator “with the purpose to avoid detection, apprehension, or prosecution” fled from the state or was absent from his usual place of abode within the state during the eight years after the issuance of this capias which would have caused the State to be unable to arrest him and bring him to court. Even more telling, although the State argued that the relator did not appear for arraignment in September, 1990, it presented no evidence to show that the defendant was notified of this arraignment date. La.C.Cr.P. art. 579 requires that the State show proof of actual notice to appear. Here, the State presented no such proof.
The State bears the burden of proving that the time limitations of La.C.Cr.P. art. 579 have been interrupted. Here, the State failed to even begin to meet this burden. Therefore, the trial court erred by denying the motion to quash. ’
Accordingly, we grant the application for supervisory writs, and REVERSE the judgment of the trial court.

WRIT GRANTED. JUDGMENT OF THE TRIAL COURT REVERSED.

. Art. 580 provides for the suspension of the time limitations of art. 578 where the defendant has filed preliminary motions. Here, the relator did not file any motions in the eight years the case lay dormant.

. At the hearing, defense counsel noted the City refused charges on August 21,1990.