JAMES F. McKAY, III, Judge.
 

 ^STATEMENT OF CASE
 

 By a bill of information filed on January 22, 2004, the defendant was charged with possession of cocaine. On the day of his scheduled arraignment, he tested positive for drugs and supplied a false sample; the defendant was held in contempt of court, and he was sentenced to serve thirty days in parish prison. The defendant was arraigned on March 8, 2004, and he entered a not guilty plea. He tested positive for drugs again on November 18, 2004; he was placed in contempt of court; and he was ordered to pay a $500.00 fine. On
 
 *818
 
 January 24, 2005, the district court found probable cause and denied the motion to suppress the evidence. The defendant’s trial on March 7, 2005, ended in a mistrial. On March 29, 2005, the defense filed a motion to quash on the grounds of double jeopardy. The motion was denied by the district court on April 20, 2005. The defense noted its intent to appeal, but later informed the court that it would not appeal. Defendant’s trial that was scheduled for August 31, 2005, did not occur because of Hurricane Katrina. He failed to appear for pretrial conferences that were scheduled on April 13, 2006, May 16, 2006, and August 2, 2006. On August 2nd, the defendant’s bond was forfeited, and an alias capias was issued for his arrest. He was arrested on January | ¾5, 2010. On February 5, 2010, the defense filed a motion to quash that was granted on March 12, 2010. The State appeals this ruling.
 

 STATEMENT OF FACT
 

 The facts of this case are unknown and irrelevant to the issue presented.
 

 DISCUSSION
 

 In its appeal, the State argues that the district court erred in granting the defendant’s motion to quash because proof of service appears in the record in satisfaction of La.C.Cr.P. art. 579. The defendant’s motion to quash was based on his argument that the State failed to bring him to trial within the time limitations set forth in La.C.Cr.P. art. 578.
 

 As per Article 578, the State had.two years from the institution of prosecution in which to bring the defendant to trial. Here, prosecution was instituted on January 22, 2004. The defendant’s trial that was timely held on March 7, 2005 ended in a mistrial. Pursuant to La.C.Cr.P. art 582, the State had until March 7, 2006 to commence trial after the mistrial was declared. Hurricane Katrina interrupted the defendant’s proceedings on August 29, 2005. La.C.Cr.P. art. 579(2);
 
 State v. Brazile,
 
 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333,
 
 writ denied,
 
 2007-1339 (La.1/7/08), 973 So.2d 733 (finding Hurricane Katrina was a cause beyond the control of the state for purposes of La.C.Cr.P. art. 579). The interruption caused by the hurricane ended on June 5, 2006, and the time limitation established by La.C.Cr.P. art. 578 began to run anew.
 
 State v. Hamilton,
 
 2007-0582 (La.App. 4 Cir. 11/28/07), 973 So.2d 110. Thus, at this point, the State had until June 5, 2008, to bring the defendant to trial.
 

 The State’s argument on appeal is that the defendant’s failure to appear for the pretrial hearing scheduled for August 2, 2006 again interrupted the two year |stime period established by La.C.Cr.P. art. 578, citing La.C.Cr.P. art. 579. Article 579 provides in pertinent part:
 

 A. The period of limitation established by Article 578 shall be interrupted if:
 

 [[Image here]]
 

 (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
 

 B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
 

 The State admits that no subpoenas are contained in the record. However, as proof that the defendant received actual notice, the State relies on the minute entry of August 2, 2006 and the fact that counsel appeared at all of the scheduled hearings. The minute entry of August 2, 2006 reflects that the defendant failed to appear; a capias was issued for his arrest; and a bond forfeiture hearing occurred; the evidence introduced by the State at the hearing included the bond and a subpoena to the defendant. The district court granted
 
 *819
 
 the motion for bond forfeiture. The State argues that because judgments of bond forfeiture enjoy a presumption that the evidence upon which they are based is sufficient, this presumption proves that the defendant received actual notice of the pretrial hearing.
 
 [1]
 
 As such, the State contends that the two-year time limitation began to run anew upon the defendant’s arrest on January 5, 2010. We disagree.
 

 As the defendant correctly points out in his brief, service on his attorney does not affirmatively prove that he received actual notice as required by La.C.Cr.P. art. 579. The State’s remaining argument also appears unpersuasive when compared to the case law.
 
 [2]
 

 | .¡Whenever a defendant moves to quash the charge against him due to a violation of the time limits of article 578, the State bears the burden of showing that an interruption under article 579 occurred.
 
 See State v. Rome,
 
 93-1221 (La.1/14/94), 630 So.2d 1284;
 
 State v. Bobo,
 
 2003-2362 (La.4/30/04), 872 So.2d 1052;
 
 State v. Taylor,
 
 439 So.2d 410 (La.1983);
 
 State v. Mattox,
 
 96-1406 and 96-2370 (La.App. 4 Cir. 12/10/97), 704 So.2d 380.
 

 In
 
 State v. McCord,
 
 98-2924 (La.App. 4 Cir. 2/3/99), 727 So.2d 1262, the State argued that the defendant’s failure to appear for his arraignment provided a sufficient interruption of the time limit to commence trial. Similar to this case, the trial court had issued a capias for the defendant’s arrest when he failed to appear for his arraignment, and the State relied upon the issuance of the capias to show an interruption in the time limit. The trial court accepted the State’s argument and refused to quash the bill. In a writ of review, this Court reversed the trial court’s decision, noting that although the State argued that the defendant did not appear for arraignment in September 1990, it presented no evidence to show that the defendant was notified of this arraignment date. La. C.Cr.P. art. 579 requires that the State show proof of actual notice to appear. Here, the State presented no such proof.
 
 McCord,
 
 p. 3, 727 So.2d at 1264.
 

 In the case at hand, the only evidence of any notice to the defendant is the August 2nd minute entry reflecting that a subpoena to defendant was filed into evidence at the bond forfeiture hearing. However, the record does not contain any subpoenas or certified mail return receipts which would indicate that the 1 .^defendant actually received notice of the scheduled pretrial hearing on August 2, 2006, the date the court ordered the defendant’s recognizance bond forfeited.
 
 [3]
 
 Also, at the
 
 *820
 
 motion to quash hearing, the State made no attempt to delay a ruling on the motion so that it might locate the missing subpoena. In light of the total absence in the record of any evidence that the defendant received the subpoena noted in the minute entry of August 2, 2006, the State failed to meet its burden of showing an interruption of the prescriptive period. Thus, the trial court did not commit error when it quashed the bill of information.
 

 CONCLUSION
 

 For the above and forgoing reasons we affirm the trial court’s ruling granting the defendant’s motion to quash.
 

 AFFIRMED.
 

 [1]
 

 . At the motion to quash hearing, the district court indicated that it would not have issued a capias unless the defendant received service.
 

 [2]
 

 . In his brief, the defendant cites the case of
 
 State v. McCreary,
 
 619 So.2d 755 (La.App. 4 Cir. 1993), for the premise that service regarding bond forfeiture hearings is different from Article 579 service because at bond forfeiture hearings, the State does not have to prove that the defendant actually received the notice attempted on him. However,
 
 McCreary
 
 concerns only whether the defendant received notice of the bond forfeiture hearing.
 

 [3]
 

 .Under La.C.Cr.P. art. 735, types of service, subpoenas are to be served by "domiciliary service, personal service, or United States mail as provided in Paragraph B.” Domiciliary and personal service require delivery by the sheriff to the addressee or to someone of appropriate age and discretion residing at the addressee's dwelling. Under Paragraph B, subpoenas may be sent by certified mail with return receipt requested or by first class mail. Section three of Paragraph B sets out the requirements; it states:
 

 Service by mail shall be considered personal service if the certified return receipt or the return form is signed by the addressee. Service by mail shall be considered domicil
 
 *820
 
 iary service if the certified return receipt or the return form is signed by anyone other than the addressee.