MADELEINE M. LANDRIEU, Judge.
hThe State of Louisiana appeals the trial court’s judgment granting the motion of defendant, Roderick West, to quash the bill of information filed against him as the State failed to bring him to trial within the time limit established by law. For the reasons that follow, we affirm the trial court’s judgment.
*610 PROCEEDINGS BELOW
On August 10, 2010, Mr. West was charged by bill of information with one count of theft of five hundred dollars or more, a violation of Louisiana Revised Statute 14:67. An alias capias was subsequently issued for his arrest. On August 23, 2010, Mr. West failed to appear for arraignment. The minute entry for that date provides that Mr. West was at large. In September of 2010, Mr. West again failed to appear for arraignment. A minute entry from that arraignment provides that Mr. West was not served, arraignment was reset, and notice was mailed to Mr. West at his last known address contained in the Motions System. On September 22, 2010, Mr. West again failed to appear for arraignment, and the matter was continued without a date. The issued alias capias remained in effect.
|2On July 19, 2013, Mr. West was arrested. Thereafter, he appeared at court with counsel at which time his arraignment was scheduled for July 26, 2013. At the arraignment, Mr. West entered a plea of not guilty and filed a motion to quash the bill of information on grounds that more than two years had elapsed since the State instituted its prosecution against him. Mr. West was subsequently released on a recognizance bond. On September 4, 2013, the trial court granted Mr. West’s motion to quash.
DISCUSSION
In its sole assignment of error, the State contends that the trial court erred in granting Mr. West’s motion to quash. For the reasons that follow, we find this assignment of error to be without merit and affirm the judgment of the trial court.
Mr. West is charged with theft of over five hundred dollars which is a non-capital felony punishable by imprisonment with or without hard labor for not more than ten years. La. R.S. 14:67(B)(1); La.C.Cr.P. art. 933(3). Louisiana Code of Criminal Procedure article 578 provides that in such cases (non-capital felonies) “no trial shall be commenced nor any bail obligation be enforceable ... after two years from the date of institution of the prosecution.” Louisiana Code of Criminal Procedure article 578(A)(2) provides that upon expiration of this time period, “the court shall, upon motion of the defendant prior to trial, dismiss the indictment.” Mr. West argues that the trial court correctly granted his motion to quash as the State failed to bring him to trial within two years of instituting the prosecution against him.
|sWe review a trial court ruling on a motion to quash on the ground that the time limitation or prescriptive period for commencement of trial has expired under an abused of discretion standard. State v. Dillon, 2011-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475 (citing State v. Ramirez, 2007-0652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207). Once the defendant has establishes that the State has failed to commence trial within the time periods specified by Louisiana Code of Criminal Procedure article 578, the State bears the burden of proving that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205, 205 (per curiam); State v. Joseph, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032, 1032; State v. Bell, 2002-2349, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434; State v. Franklin, 2010-0792, p. 4 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, 819.
Here, the record supports the finding that the prosecution against Mr. West was instituted on August 10, 2010, and he had not been brought to trial as of July 26, 2013. Thus, the burden was on the State to establish an interruption of the prescriptive period. At the hearing on the *611 motion to quash, the State asserted that prescription was interrupted under Louisiana Code of Criminal Procedure article 579(A)(2) because Mr. West failed to appear at arraignment after notice was mailed to his last known address contained in the trial court’s motions system.
Louisiana Code of Criminal Procedure article 579(A)(2) provides “[t]he period of limitation established by Article 578 shall be interrupted if: (2) The defendant cannot be tried because of insanity or because his presence for trial [4cannot be obtained by legal process, or for any other cause beyond the control of the state.” In order to meet its “heavy burden” of proof under this provision, the prosecution must show that it has “exercised due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Sorden, 2009-1416, p. 13 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 189 (quoting State v. Carcamo, 03-589, p. 7 (La.App. 5 Cir. 10/28/03), 860 So.2d 220, 224); see also, State v. Thomas, 2013-0816, pp. 5-6 (La.App. 4 Cir. 3/19/14), 138 So.3d 92, 96.
In State v. Sorden, supra, the defendant was charged with aggravated assault in July 2005 and released on an ROR bond. In December 2006, the prosecution subsequently dismissed the bill of information by a nolle prosequi and the defendant’s obligations under that bond were presumptively extinguished. A few months later, in February 2007, the prosecution reinsti-tuted the charge against the defendant, and arraignment was scheduled. Service by mail was attempted on the defendant at the address listed on her prior ROR bond, but the home at that address had been damaged and abandoned due to Hurricane Katrina. The defendant failed to appear for her arraignment, and an alias capias was issued for her arrest. In 2009, the defendant appeared for a status hearing and, subsequently, moved to quash the bill of information, which the trial court granted. This court affirmed, finding that the time limit to commence proceedings against the defendant had prescribed and no interruption of the prescription period occurred, stated:
[T]he prosecution has not demonstrated an exercise of due diligence in discovering the whereabouts of Ms. Sorden sufficient to satisfy its “heavy burden.” At the hearing on the motion to quash, the state presented no witnesses or evidence of efforts to locate Ms. Sorden. Aside from mailing a subpoena to her destroyed home, the | .^prosecution has failed to present evidence that it made any effort to ascertain her whereabouts. Because the prosecution has not made this showing, there was no interruption under Article 579 A(2).
Sorden, 2009-1416, p. 14, 45 So.3d at 189.
The case before us is quite similar. During the hearing on the motion to quash, Mr. West established that the State failed to bring him to trial within two years of the institution of the prosecution against him. The burden then shifted to the state to establish some interruption of the prescriptive period. The record before us establishes that the State neither called a witness nor presented any evidence to establish the efforts it undertook to obtain Mr. West’s presence for trial. The State merely asserted that notice of the September 22, 2010 hearing was sent to Mr. West at 20100 Wagner Street, which was the “last known address contained in the trial court’s Motions System.” Further, the State failed to establish that Mr. West was under an obligation to update the court with a new address. A minute entry dated September 8, 2010, indicates that the Clerk’s office sent notice to Mr. West at the aforementioned address, but there is *612 no indication that Mr. West actually received this notice, that he lived at this address or, for a that matter, whether a house or apartment stands at that address at all. As such, the state failed to meet its burden and the trial court correctly granted the defendant’s motion to quash.
CONCLUSION
For these reasons, we affirm the judgment of the trial court granting Mr. West’s motion to quash the bill of information.
AFFIRMED