TERRI F. LOVE, Judge.
l/The State filed a bill of information, charging the defendant-appellee, Mr. Ramon Ramirez with aggravated rape, in violation of La. R.S. 14:42, and attempted second-degree murder, in violation of La. R.S. 14:(27)30.1. The defendant entered pleas of not guilty at his arraignment. Trial was set, reset and continued several times, and the State failed to have defen *206 dant transported to court from custody on numerous occasions. On December 12, 2006, the defendant filed a motion to quash, alleging that the prescriptive period in which the State must commence trial had lapsed. The trial court granted the motion to quash and a release was issued.
We hold that the motion to quash granted by the trial court was not premature. The trial court’s granting of the motion to quash is affirmed.
PROCEDURAL HISTORY
On November 29, 2001, defendant was indicted for aggravated rape, in violation of La. R.S. 14:42, and attempted second-degree murder, in violation of La. R.S. 14:(27)30.1. On December 14, 2001, defendant entered pleas of not guilty. The minute entry of June 20, 2002, reflects that counsel for defendant filed a motion to suppress the identification. Testimony was taken, and the trial court ptook the matter under advisement. Counsel for defendant filed the first motion to quash on May 12, 2003. There is no indication in the record that the trial court ruled on the motion. Trial was set for November 5, 2003 and continued by the State to December 1, 2003 and again to January 27, 2004. On January 27, 2004, defendant was not transported to court from custody; counsel for defendant filed a second motion to quash the indictment. On February 13, 2004, the State filed a response to the motion to quash. On February 17, 2004, the trial court denied the motion to quash. Trial was set for March 30, 2004, but did not proceed because defendant was not transported to court from custody. On December 12, 2006, counsel for defendant filed a third motion to quash. A ruling on the motion was set for January 24, 2007; defendant’s presence was waived. On that date the matter was continued by the State. The hearing was continued to January 30, 2007; the State again requested a continuance. Defendant’s presence was waived, and the matter was continued to February 7, 2007. On that date the State filed a response to the motion to quash. Defendant’s trial was reset and continued numerous times because the State failed to have defendant transported to court from custody. The trial court’s ruling was set for February 13, 2007; defendant’s presence was waived; the trial court granted the motion to quash, and a release was issued. The State appeals from this ruling.
The facts surrounding defendant’s arrest are limited to what is stated in the grand jury indictment. On July 31, 2001, defendant is alleged to have committed aggravated rape upon D.C. and attempted to commit second-degree murder of D.C.[1]
| ,MOTION TO QUASH
The State’s sole assignment of error is that the trial court improperly granted defense counsel’s motion to quash. The State argues that prescription was interrupted by defendant’s pre-trial motions filed on June 20, 2002, which have not been ruled on, by numerous continuances by the defense, and by the delays caused by the aftermath of Hurricane Katrina.
The defendant argues that the motions referred to by the State were filed in a discovery packet on January 11, 2002, that the State was ordered to respond, and that no pretrial discovery motions were filed after that date. The defense further argues that the trial court ruled on all the pre-trial motions that were filed in the discovery packet. Defendant asserts that the defense filed only two written motions for a continuance because of illness, and *207 that the eight continuances attributed to the defense by the State is a misrepresentation of the record. Defendant maintains that the time limitation had elapsed before Hurricane Katrina struck New Orleans.
In his motion to quash, the defendant asserted that the State failed to commence trial within the prescriptive period as set forth by La.Code Crim. Proc. art. 578, requiring the charges to be quashed. Specifically, the defendant argued that throughout the proceedings he was in continued custody since his arrest in July, 2001, and the State, asserting no causes beyond its control, delayed his trial beyond the prescriptive period.
Pursuant to La.Code Crim. Proc. art. 578(A)(2), no trial shall commence in other felony (non-capital) cases after two years from the date of institution of prosecution. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La.Code Crim. Proc. art. 532(7). When a |4defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have run. State v. Brown, 451 So.2d 1074 (La.1984).
A trial court’s ruling granting a defendant’s motion to quash is a discretionary one, which should not be disturbed on appeal absent a finding of the trial court’s abuse of discretion. State v. Love, 00-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206. When, as here, the defendant moves to quash pursuant to the lapse of the two-year period that the State has commence trial, the statute of limitation should be given effect unless the State carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284.
The purpose of the statute’s mandating dismissal, when legislative time limits have elapsed, is to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Walgamotte, 415 So.2d 205, 210 (La.1982). Furthermore, the statutory scheme limiting the State’s time in which to commence trial after initiating prosecution serves to prevent delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal prosecutions. Id. at 251.
La.Code Crim. Proc. art. 579(A)(2) provides that the period of limitation will be interrupted if a defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause that is beyond the control of the State. This, as applied here, the statute provides that an 1 Rinterruption of prescription occurs when the State is unable, through no fault of its own, to try a defendant within the period specified by statute-in this case two years. Pursuant to La.Code Crim. Proc. art. 579(B), once the cause of the interruption no longer exists, the two year time limit begins again.
In contrast, the prescriptive period is merely suspended until the trial court rules on the filing of a motion to quash or other preliminary plea. This suspension lasts only from the date the motion is filed until the date that the trial court rules on the motion. State v. Blazio, 99-0765 (La.App. 4 Cir. 3/15/00), 756 So.2d 606. However, in no case shall the State have less than one year after the ruling on the preliminary pleas to commence the trial. La. Code Crim. Proc. art. 580.
*208 A preliminary plea is any plea filed after prosecution is instituted, but before trial, that causes the trial to be delayed; those pleadings include properly filed motions to quash, motions to suppress, or motions for continuance as well as applications for discovery and bills of particulars. State v. Brooks, 02-0792, p. 6 (La.2/14/03), 838 So.2d 778, 782. A motion to continue trial, filed by the defendant or jointly with the State, constitutes a preliminary plea under La.Code Crim. Proc. art. 580. State v. Baudier, 00-1108, p. 11 (La.App. 4 Cir. 5/23/01), 789 So.2d 696, 705.
The defendant asserts that the State failed to commence trial within the prescriptive period after the defendant was formally indicted by a true bill of information dated November 29, 2001. Under La.Code Crim. Proc, art. 578(A)(2), the State initially had two years from November 29, 2001, the date of the institution of prosecution, within which to bring the defendant to trial in this case involving a non-capital felony. His first trial date was June 18, 2003. The record reflects that counsel for defendant filed the first motion to quash on May 12, 2003. | fiThere is no indication in the record that the trial court ruled on the motion. Trial was set for November 5, 2003 and continued by the State to December 1, 2003 and again to January 27, 2004.
On January 27, 2004, defendant was not transported to court from custody; defense counsel filed a second motion ■ to quash. On February 13, 2004, the State filed a response to the motion to quash. On February 17, 2004, the trial court denied the motion. Trial was set for March 30, 2004, but trial did not proceed because defendant was not transported to court from custody. We find, as the defendant contends, that the State’s failure to commence trial subsequent to the trial court’s ruling on the final preliminary plea filed by defense counsel on May 12, 2003 was not due to causes beyond the State’s control. Defendant’s trial was reset and continued numerous times due to the State’s failure to have defendant transported to court from custody.
Further, we pretermit discussion of the State’s argument as to the interruption of the prescriptive period due to Hurricane Katrina, as we find that the record reflects that the two-year period within which the State had to bring the defendant to trial in this case lapsed prior to Hurricane Katrina. Given the State’s failure to bring the defendant to trial within the prescriptive period, we can not say that the trial court abused its discretion in granting the defendant’s motion to quash.
DECREE
Accordingly, the trial court’s granting of the motion to quash is affirmed.
AFFIRMED.
BELSOME, J., dissents with reasons.

. The name is omitted given juvenile status.