PAUL A. BONIN, Judge.
hThe district attorney appeals the trial judge’s granting of the motion to quash filed by the defendant, Joshua Franklin. The district attorney charged Mr. Franklin with jumping bail, a violation of La. R.S. 14:110.1 A, which criminalizes the “intentional failure to appear at a date, time, and place as ordered by the court in which the defendant’s case is pending.” The ground specified in Mr. Franklin’s motion to quash was that his failure to appear was unintentional as he was hospitalized in a trauma intensive care unit on his court date.[1]
Upon our de novo review of the bill of information and the quashal, we find that the trial judge did not limit his consideration of the motion only to appropriate questions of law, but also improperly considered factual defenses going to the merits of the offense charged. Because we find that the trial court’s consideration | aof factual defenses resulted in the quashing of the bill of information, we reverse the ruling and remand the matter to the district court for further proceedings. We explain our decision below.
I
The record before us is limited to certain pre-trial documents and the transcript *666 from the hearing on the motion to quash. According to the .bill of information, Mr. Franklin was originally charged with possession of cocaine, a felony. Mr. Franklin was released from incarceration on bail while his prosecution was pending before the Criminal District Court for the Parish of Orleans in proceedings numbered 506-844.
According to the bill of information in this ease, Mr. Franklin was charged on September 29, 2011 with committing the crime of “Bail Jumping” for intentionally failing to appear on September 22, 2011 before Section C for a hearing in the felony case. The date listed on the bill of information for the commission of the offense, though, is disputed. Mr. Franklin claims that his missed court date was actually on August 23, 2011.
Mr. Franklin, however, did not file a motion for a bill of particulars which might require the district attorney to set forth “more specifically the nature and cause of the charge against the defendant.” La. C.Cr.P. art. 484. Mr. Franklin asserts in brief that a bill of particulars is not needed, as all necessary information is contained in the court records for the alleged offenses. Mr. Franklin further contends that the trial judge could take “judicial notice” of the court’s record in the |s506-844 proceedings, and find that the missed court date was on August 23, 2011, and not September 22, 2011, the date alleged in the bill of information.[2]
Instead, Mr. Franklin filed a Motion to Quash Bill of Information on November 2, 2011. Mr. Franklin attached to his motion documents from the Interim LSU Public Hospital, which, if accurate and authentic, would establish that he was hospitalized in that facility from August 18, 2011 until his discharge on August 26, 2011.[3]
After hearing the arguments of counsel, the trial judge, apparently swayed by the documentation attached to the motion to quash and Mr. Franklin’s ensuing argument, granted the motion to quash. The district attorney promptly moved for an appeal.
II
In this Part, we turn our attention to the general precepts pertaining to the appellate review of a ruling granting a motion to quash.
A motion to quash is “a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.” State v. Carter, 11-859, p. 3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182 (citing State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411; State v. Rembert, 312 So.2d 282, 284 (La.1975)). See also State v. Clark, 12-1296, p. 3 (La.5/7/13), 117 So.3d 1246, 1249. "All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty’ and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531.
“All issues, whether of law or fact, that arise on a motion to quash shall *667 be tried by the court without a jury.” La.C.Cr.P. art. 537. The scope of permissible consideration by the trial court on a motion to quash an indictment or bill of information is similar to an exception of no cause of action in a civil suit. See State v. Schmolke, 12-406, pp. 2-3 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298. See also State v. Gerstenberger, 260 La. 145, 255 So.2d 720, 723 (1971). Thus, “[a] judge’s consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings.” Schmolke, 12-406, p. 2, 108 So.3d at 298. This is because the question raised by a motion to quash is not of factual guilt or innocence of the offense charged, as that is an appropriate determination for the fact-finder at trial. State v. Perez, 464 So.2d 737, 740 (La.1985). See also Byrd, 96-2302, p. 18, 708 So.2d at 411; State v. Patterson, 301 So.2d 604, 604 (La.1974). Rather, the trial judge’s range of permissible actions is limited to those matters which do not go to the merits of the charge. See La.C.Cr.P. arts. 532-534. See also Rembert, 312 So.2d at 284.[4]
While La.C.Cr.P. arts. 532 and 534 provide numerous grounds for motions to quash bills of information, their lists are merely illustrative, and motions not | abased on the grounds therein should not be automatically denied. See State v. Tanner, 425 So.2d 760, 762 (La.1983); State v. Reaves, 376 So.2d 136, 137-138 (La.1979); State v. Moten, 99-552, p. 2 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211; State v. Cooper, 449 So.2d 1376, 1380 (La.App. 2 Cir.1984); State v. Fisher, 12-412, p. 6 (La.App. 5 Cir. 11/27/12); 105 So.3d 964, 968 n. 1. In making the determination of whether a given issue is appropriate to raise in a motion to quash, a court should determine whether “it is a defense which, if successful, requires dismissal of the indictment [or bill of information] regardless of the merits of the charge ... and which by its nature must be available before trial.” Reaves, 376 So.2d at 138. Should the given issue not fit this paradigm, the court need not consider the issue any further, and may simply deny the motion to quash the bill of information or indictment. It is important to note, however, that the prosecution’s ability to meet its factual burden of proof at trial is a factual matter going to the merits of the charge and should not be a sufficient ground to quash a bill of information. See State v. Masino, 214 La. 744, 38 So.2d 622, 623 (1949); State v. Rivers, 05-1121, pp. 5-6 (La.App. 4 Cir. 10/11/06), 942 So.2d 1176, 1179.
When considering a motion to quash, “the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” Schmolke, 12-406, p. 3, 108 So.3d at 298 (quoting State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103 (internal quotations omitted)). See also State v. Bremer, 97-0456, p. 3 (La.App. 4 Cir. 12/10/97), 704 So.2d 917, 919; Gerstenberger, 255 So.2d at 722. Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter. See Perez, 464 So.2d at 739. See also Byrd, 96-2302, p. 18, 708 So.2d at 411. The sole purpose of this evidence, however, must not be to support a defense on the merits. Id. at 96-2302, p. 18-19, 708 So.2d at 411. If the indictment, bill of information, and/or bill of particulars fails to in *668 form the defendant adequately of the charges against him, the trial court may order the indictment or bill of information quashed. See State v. DeJesus, 94-261, p. 4 (La.9/16/94), 642 So.2d 854, 855. See also State v. Dowl, 09-989, p. 18 (La.App. 4 Cir. 5/12/10), 39 So.3d 754, 766.
The decision by the trial court to grant or deny a motion to quash is solely a question of law. See Byrd, 96-2302, p. 18, 708 So.2d at 411. Thus, we review the trial judge’s ruling in this case under a de novo standard. See State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816. See also Schmolke, 12-406, p. 4, 108 So.3d at 299. Under this standard of review, we do not defer to any factual findings by the trial judge. Id. See, e.g., Byrd, 96-2302, pp. 19-20, 708 So.2d at 422-412. This lack of deference is strongly rooted in the fact that any factual determinations by a trial judge during that time regarding the merits of the defense would be unauthorized. Id.
Ill
As previously stated, Mr. Franklin did not file a motion for a bill of particulars under La.C.Cr.P. art. 484. Mr. Franklin instead filed a motion to quash 17but does not base his motion to quash upon any listed general or special ground. See La. C.Cr.P. arts. 532, 534. For example, Mr. Franklin does not argue that the bill of information fails to charge an offense which is punishable under a valid statute. See La.C.Cr.P. art. 532(1). Mr. Franklin simply asserts that the medical documents attached to his motion to quash are sufficient to show that his failure to appear at the court was not intentional.
An essential element of the offense of jumping bail is that the failure to appear for a court date as ordered by the court must be intentional. See La. R.S. 14:110.1 A. Thus, jumping bail requires proof of specific intent. “Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Whether Mr. Franklin acted with specific intent goes to the merits of the charge and is a question of fact to be determined by the fact-finder at trial. See State v. Ordodi, 06-207, p. 11 (La.11/29/06), 946 So.2d 654, 661 (citing State v. Legrand, 02-1462, p. 8 (La.12/3/03), 864 So.2d 89, 96; State v. Williams, 490 So.2d 255, 260 (La.1986)). Additionally, the trial judge’s consideration of the medical documents was improper as their sole purpose is to further Mr. Franklin’s defense on the merits. It may well be that Mr. Franklin has a good defense on the merits, but the fact that a defendant “may have a good defense is not sufficient grounds to quash the indictment.” Masino, 38 So.2d at 623. And, such considerations do not support a ruling to quash.
1 «DECREE
We reverse the ruling sustaining the motion to quash. The matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. A motion to quash "shall specify distinctly the grounds on which it is based.” La. C.Cr.P. art. 536. “The court shall hear no objection based on grounds not stated in the motion.” Id.

. The actual date of Mr. Franklin’s missed court hearing is not relevant to our appellate review of the trial court’s decision to grant the motion to quash. It is important to note, however, that bills of information and particulars are means to assure that persons accused of crimes are “informed of the nature and cause of the accusation against” them. La. Const, art. I, § 13. Thus, if there is any error regarding the date of Mr. Franklin’s alleged violation of La. R.S. 14:110.1 A, it should be remedied by either an amendment to the bill of information prior to trial, or some other appropriate means. See La. C.Cr.P. art. 487; La. C.Cr.P. art. 468 cmt. c.

. Apparently, Mr. Franklin had been the victim of a gunshot wound.

. A noted exception to this rule is contained within the provisions of the Uniform Controlled Dangerous Substances Law. This exception allows for an “individual who claims possession of a valid prescription for any controlled dangerous substance” to "raise this defense before commencement of the trial through a motion to quash.” La. R.S. 40:991. See State v. Tran, 12-1219, pp. 1-4 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 672-674.