PAUL A. BONIN, Judge.
| iRochelle Gregory, the defendant, applied to us seeking the exercise of our supervisory jurisdiction to review the trial judge’s denial of her motion to quash the bill of information.[1] The ground specified in Ms. Gregory’s motion to quash was that the prescriptive period which requires the district attorney to commence her trial within “two years from the date of institution of the prosecution” had expired and trial had not commenced. La.C.Cr.P. art. 578 A(2).
We have reviewed the complained-of ruling under an abuse-of-discretion standard, but having found that the trial judge based her ruling upon an erroneous determination of the law applicable to this matter, we conclude that the trial judge’s denial of Ms. Gregory’s motion is not entitled to our deference and is, moreover, incorrect. And because reversal of the ruling will result in the final disposition of the proceedings, we now peremptorily grant Ms. Gregory’s application, reverse the ruling, sustain this motion to quash, dismiss the proceedings against Ms. Gregory, and order her discharged. See La.C.Cr.P. art. 538(8). We explain the specifics of our action in greater detail in the following Parts.
I
By way of summary, in order for the trial judge to deny Ms. Gregory’s motion on these undisputed facts, it was necessary for her to find that the running of the two-year limitations period had been interrupted under La.C.Cr.P. art. 579. Here, the trial judge found that the interruption was effected by virtue of the holding in State v. *666 Varmall.[2] The trial judge held that Ms. Gregory’s duty to provide a current address on a bond, from which she had been previously released by operation of the express provisions of La.C.Cr.P. art. 701 B, was resuscitated and that her failure to provide that address resulted in the inability of the district attorney to obtain her presence for trial by legal process. See La.C.Cr.P. art. 579 A(2). We, however, find that Varmall does not apply to, much less control, the undisputed facts and that the trial judge should have applied the principle announced by us in State v. Sorden,[3] as urged by Ms. Gregory. The principle set forth in Sorden states that, once a defendant was released from her bail obligation, she no longer carries a duty pursuant to that bond to update the prosecution with her current address. Applying the principle from Sorden, we find that the district attorney failed to timely commence Ms. Gregory’s trial on this matter because the prescriptive period was not interrupted.
II
Here we set out the specifics facts pertinent to our review.
|aOn December 11, 2006, Ms. Gregory was arrested in Orleans Parish. Two days later, Ms. Gregory was released on an ROR bond in the amount of five thousand dollars after being ordered to be electronically monitored by a pre-trial services organization. The defendant, however, failed to include an address at which she could be served on this bond. See La. C.CrJP. art. 322 A. On May 13, 2007, the magistrate judge released Ms. Gregory from that bond obligation after the district attorney failed to timely file a bill of information or indictment charging her with an offense stemming from that arrest. See La.C.Cr.P. art. 701 B(2).
Over ten months later, the district attorney filed a bill of information charging Ms. Gregory with one count of possession of cocaine, a felony, in violation of La. R.S. 40:967 C.[4] See La.C.Cr.P. art. 382 A. An arraignment hearing was set for April 14, 2008. Ms. Gregory was never served with notice of this arraignment date and, not surprisingly, failed to appear. The district court in that hearing granted a judgment of bond forfeiture and issued an alias capi-as with a fifty thousand dollar bond. No further action was taken in this matter for over five years.
On September 27, 2013, Ms. Gregory filed a motion to quash this bill of information, claiming that the prescriptive period to commence her trial under Article 578 A(2), had expired.[5] A hearing on the motion was held, and the trial judge denied Ms. Gregory’s motion to quash the bill of information. The trial judge, citing Var-mall, found that the subsequent filing of the bill of information by 14the State was a superseding judicial event allowing for the district attorney to seek the issuance of an alias capias and to examine the bond for the purpose of effecting service. The trial judge then noted that Ms. Gregory did not provide a complete address on her bond in *667 compliance with Article 322 A. The court then ruled that Ms. Gregory’s failure to provide an address on that bond was sufficient to interrupt the prescriptive period set forth in Article 578 A(2) as her presence for trial could not be obtained by legal process. See La C.Cr.P. art. 579 A(2).
Ill
In this Part we discuss the legal precepts which guide our review of a trial judge’s ruling on a motion to quash.
“A motion to quash is ‘a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.’ ” State v. Franklin, 13-0488, p. 3 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 666 (citing State v. Carter, 11-0859, p. 3 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182). See also State v. Clark, 12-1296, p. 3 (La.5/7/13), 117 So.3d 1246, 1249. “All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La.C.Cr.P. art. 537.
“All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty' and ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531. A motion to quash may be based on the prosecution’s failure to timely commence a defendant’s trial. See La.C.Cr.P. arts. 532(7), 578 A(2). See also State v. Ramirez, 07-0652, p. 3 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207.[6]
15In non-capital felony cases, the district attorney is required to commence a defendant’s trial within “two years from the date of institution of the prosecution.” See La.C.Cr.P. art. 578 A(2). This serves “to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” Ramirez, 07-0652 at p. 4, 976 So.2d at 207. See also Sorden, 09-1416 at p. 5, 45 So.3d at 184. The two-year limitations period set forth in La. C.Cr.P. art. 578 A(2) is prescriptive in nature. See State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205, 205 (per curiam). See also La.C.Cr.P. art. 578 cmt. (b). As such, the running of this time period may be interrupted. See La.C.Cr.P. art. 579 A.
Once a defendant brings a facially meritorious motion to quash based on a failure to timely commence her trial, the district attorney “bears the heavy burden” of showing that the running of this prescriptive period was interrupted.[7] State v. Bobo, 03-2362, p. 4 (La.4/30/04), 872 So.2d 1052, 1055. Article 579 A provides three grounds for interruption of this limitations period, only one of which arguably applies in this case: when “[t]he defendant cannot be tried because ... [her] presence for trial cannot be obtained by legal process, or for any other cause beyond the control” of the prosecution. La.C.Cr.P. art. 579 A(2). Should interruption be proven by the prosecution, then the time periods for commencement of trial shall run “anew from the date the cause of interruption no longer exists.” La.C.Cr.P. art. 579 B. See also La.C.Cr.P. art. 580. Should the state fail to meet its burden of proof, however, the statute of limitation shall be hgiven effect. See Ramirez, 07-0652 at p. 4, 976 *668 So.2d at 207 (citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284,1286).
We review a trial judge’s ruling on a motion to quash which requires factual determinations under an abuse of discretion standard.[8] See State v. Batiste, 05-1571, pp. 8-9 (La.10/17/06), 939 So.2d 1245, 1251. A trial judge’s ruling on a motion to quash involving a speedy trial violation is a mixed question of law and fact. See State v. Brady, 13-0863, p. 3 (La.App. 4 Cir. 12/11/13), 131 So.3d 166, 168-69. As such, a judge must first make findings of fact and apply law to those findings thereafter. These rulings should not be disturbed absent an abuse of the trial judge’s discretion. See Ramirez, 07-0652 at p. 4, 976 So.2d at 207. See also State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (Setting forth that the complementary roles of the trial courts and our intermediate appellate courts demand that deference be given to a trial judge’s discretionary decisions).
■ [11] Our review to determine whether a trial judge abused her discretion in ruling on this mixed question of law and fact requires us to examine both her findings of fact and her choice of law to be applied to those facts. First, in reviewing a trial judge’s findings of fact, we are extremely deferential and “will ‘not overturn those findings unless there is no evidence to support’ ” them. State v. McClendon, 13-1454, p. 6 (La.App. 4 Cir. 1/30/14), 133 So.3d 239, 245, writ denied 14-0324 (La.2/19/14), 133 So.3d 667, (quoting State v. Wells, 08-2262, p. 4 (La.7/6/10), 45 So.3d 577, 580). “This extremely heightened deference is rooted in the limitations of our appellate jurisdiction set forth in La. Const, art. 5, § 10(B), which |7provides:
Tn criminal cases, [an appellate court’s] jurisdiction extends only to questions of law.’ ” Id.
Second, we review whether the trial judge’s choice and application of law were proper. A trial judge necessarily abuses her discretion in denying a motion to quash if her ruling is based on an erroneous view of the law. See State v. Hayes, 10-1538, p. 11 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, 15 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447,110 L.Ed.2d 359 (1990); United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (Noting that “discretionary choices are not left to a court’s inclination, but to its judgment,” which is guided by sound legal principles)). If a trial judge in exercising her discretion “bases [her] ruling upon an erroneous view or application of the law, [her] ruling is not entitled to our deference.” State v. Dillon, 11-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 476. Thus, if we find that the trial judge improperly applied or stated the law, we will adopt the trial judge’s findings of fact, provided that they are supported by any evidence, and apply those facts to the proper legal principles.
IY
In this Part we apply these guiding precepts to the undisputed findings of fact in this case. We find that the trial judge committed legal error by holding that, through the prosecution’s filing of charges under Varmall, Ms. Gregory’s duty to provide a current address stemming from a bond, from which she had previously been released, was resuscitated and that her failure to provide that address resulted in *669 the inability of the district attorney to obtain her presence for trial by legal process. See La.C.Cr.P. art. 579 A(2). We then hold that the legal principle that should have been applied was set forth by this Court in Sorden. Finally, we determine that the prosecution failed to exercise due diligence in its effort to locate |sMs. Gregory in order to timely commence trial. As such, the prosecution failed to timely commence Ms. Gregory’s trial.
A
The trial judge determined that, under Varmall, commencement of this prosecution somehow re-imposed upon Ms. Gregory an obligation to furnish an address stemming from an ROR bond from which she had previously been released. In this respect, the trial judge simply applied Var-mall too expansively and thus committed legal error in her ruling.
In Varmall, the defendant was similarly released under Article 701 B because the district attorney had failed to timely commence prosecution. See 5B9 So.2d at 45. Thereafter, the grand jury indicted the defendant on one charge, and the district attorney filed a bill of information on another charge. Id. The defendant was then re-arrested on the same charges for which he had been previously released under Article 701 B. Relying upon an earlier decision, we found that a “defendant must be released without a bond obligation even if charges are then instituted.” State v. Varmall, 584 So.2d 989, 990 (La.App. 4th Cir. 1988).
Noting that “the issue is whether [the defendant] may be rearrested for the same offenses after prosecution has been instituted,” the Supreme Court reversed our ruling. Varmall, 539 So.2d at 46 (emphasis added). The Supreme Court found that “the illegality of detaining [the defendant] ended when the prosecution was instituted, although the statutory period had already elapsed, and he was thereafter subject to being rearrested.” Id. The Supreme Court held that “[t]he trial court properly denied his motion for release without bail.” Id. (emphasis added).
Here, if the alias capias, which issued following the commencement of this prosecution by bill of information, was based upon a finding of probable cause by |9a neutral magistrate, then most assuredly, under Varmall, Ms. Gregory was subject to being rearrested and was no longer entitled to release without bail.[9] The trial judge, however, misinterpreted Varmall to stand for the principle that the commencement of the prosecution retroactively returned the bond undertaking to the status quo ante. Thus, in misapplying Varmall, the trial judge concluded that Ms. Gregory’s duty to furnish an address at which she could be served was re-imposed. On account of that legal error, which served as the predicate for her ruling on the motion to quash, we find that the trial judge abused her discretion and that no deference need be given to her ruling.
B
Having found legal error in the trial judge’s ruling, we must now determine the proper legal principles to apply to the facts of this case. The prosecution contends that, despite being released from this bond, Ms. Gregory continued to be bound by a duty similar to that of a defendant released on bond, who must update the court with any change of address as re *670 quired by Article 322 A. See State v. Peters, 10-0989, p. 11 (La.App. 4 Cir. 11/17/10), 52 So.3d 233, 239. If we chose to apply the principle set forth in Peters, Ms. Gregory’s failure to provide an address on her bond would have prevented the prosecution from obtaining her presence for trial and, thus, interrupted the prescriptive period for the commencement of her trial. See La.C.Cr.P. arts. 322 A; 579 A(2).
We agree with the district attorney that the defendant in Peters had an affirmative duty to provide an accurate address at which he could be served and to | inupdate the court with any changes. See La.C.Cr.P. art. 322 A (“The defendant ... [when] signing a bail bond shall write the address at which [she] can be served....”); La.C.Cr.P. art. 322 B (The address provided “shall be conclusively presumed to continue for all proceedings on the bond, until the party providing the address changes it by filing a written declaration in the proceeding for which the bond was filed”) (emphasis added). Ms. Gregory, however, is not similarly situated to the defendant in Peters because she was released from her bail obligation prior to the institution of her prosecution by the district attorney. Ms. Gregory was released due to the district attorney’s failure to timely institute prosecution. See La. C.Cr.P. art. 701 B (“Failure to institute prosecution as provided in Subparagraph [B](2) shall result in the release of the bail obligation if, after contradictory hearing with the district attorney, just cause for the delay is not shown.”) (emphasis added). As Ms. Gregory was under no current bail obligation when the district attorney instituted her prosecution, the application of the principle set forth in Peters is inappropriate in this case.
We instead find that the principle announced by us in Sorden should have been applied. In that case, the defendant had also initially been released on an ROR bond. Sorden, 09-1416 at p. 2, 45 So.3d at 183. The district attorney subsequently dismissed the bill of information by a nolle prosequi, and the defendant’s obligations under that bond were presumptively extinguished. Id., 09-1416 at pp. 10-11, 45 So.3d at 187-188. The district attorney argued that the defendant’s failure to update her address, between his entering of the nolle prosequi and his re-institution of prosecution, prevented him from effecting service of process on her and thus interrupted the limitations period under Article 579 A(2). Id., 09-1416 at p. 9, 45 So.3d at 187. After discussing the obligations undertaken when a person is ^admitted to bail, we concluded in Sorden that the prosecution had failed to establish that the defendant had violated any bail obligation. Id., 09-1416 at p. 11, 45 So.3d at 188. Thus, in the absence of a contractual obligation under an existing bond, a defendant has no obligation to update the prosecution or the court of her whereabouts so that she may be served with notice. And a defendant’s failure to update them is, thus, not a ground for interruption of the limitations period.
Adhering to the principle set forth in Sorden, we conclude that Ms. Gregory had no continuing duty to supply the court with an accurate address following her release from her bail obligation under Article 701. The failure of Ms. Gregory to furnish an accurate or updated address was not the cause of the prosecution’s failure to obtain her presence for trial by legal process and did not constitute “any other cause beyond the control of the state.” La.C.Cr.P. art. 579 A(2). This cannot serve as an interruption of the Article 578 prescriptive period to commence trial.
C
Other than the issuance of the alias capias, which was apparently never *671 executed, there is no indication of any other effort by the prosecution to locate Ms. Gregory. There is, for example, no evidence in the record that the district attorney even made inquiry of the private pre-trial program which had supervised Ms. Gregory. The district attorney has simply not demonstrated that, despite the exercise of due diligence, he was unable to locate Ms. Gregory and obtain her presence. See State v. Chadboume, 98-1998 (La.1/8/99), 728 So.2d 832 (per curiam); State v. Estill, 614 So.2d 709, 710 (La.1993) (per curiam).
DECREE
Rochelle Gregory’s application for the exercise of our supervisory jurisdiction is peremptorily granted, the complained-of denial of her motion to ]12quash is reversed, her motion to quash the bill of information is sustained, the charge is dismissed, and the defendant, Rochelle Gregory, is discharged.
WRIT GRANTED; REVERSED AND RENDERED
LOBRANO, J., Dissents.

. The denial of a motion to quash is not an appealable judgment. Cf. La.C.Cr.P. art. 912 C. An appeal is the exercise of a right to have a ruling reviewed by the proper appellate court. See La.C.Cr.P. art. 911. In the absence of a right to have a ruling reviewed, a party may nonetheless apply to us imploring the exercise of our supervisory jurisdiction under La. Const, art. 5, § 10(A). ‘‘[Tjhe difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right.” Livingston Downs Racing Association, Inc. v. Louisiana State Racing Comm’n, 96-1215 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216.

. 539 So.2d 45 (La. 1989) (per curiam).

. 09-1416 (La.App. 4 Cir. 8/4/10), 45 So.3d 181.

. A felony is "any crime for which an offender may be sentenced to death or imprisonment at hard labor.” La. R.S. 14:2(4). A person convicted of a violation of La. R.S. 40:967 C “shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.” La. R.S. 40:967 C(2).

.A motion to quash "shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.” La.C.Cr.P. art. 536.

. It is not disputed that Ms. Gregory timely filed this motion "before commencement of trial.” La.C.Cr.P. art. 535 B.

. "Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter. The sole purpose of this evidence, however, must not be to support a defense on the merits." Franklin, 13-0488 at p. 6, 126 So.3d at 667.

. Rulings on motions to quash, which do not require factual determinations and present only questions of law, are reviewed de novo— without any deference to the trial judge's legal findings or conclusions. See, e.g., State v. Schmolke, 12-0406, pp. 1-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-299.

. I condition this statement because it was not custom or practice in trial courts at the time of the issuance of this alias capias to require a showing of probable cause to arrest following the filing of a bill of information. Compare the current provisions of La.C.Cr.P. art. 496 B with State v. Rochon, 11-0009, p. 2, (La. 10/25/11), 75 So.3d 876, 879.