PAUL A. BONIN, Judge.
I,The district attorney appeals the trial judge’s decision to grant Tanislla Thomas’ motion to quash the bill of information. See La.C.Cr.P. arts. 538(3); 912 B(l). Ms. Thomas, in her motion, asserted violations of her statutory and constitutional rights to a speedy trial. The prosecution contends that Ms. Thomas’ right to a speedy trial under Article 578 A(2) of the Louisiana Code of Criminal Procedure was not violated because the running of the two-year prescriptive period to commence trial had been interrupted.[1]
We have reviewed the trial judge’s ruling under an abuse of discretion standard. And after applying the proper legal principles to this matter, we find that the trial judge did not err in sustaining the motion to quash, dismissing the charges, and discharging Ms. Thomas. We accordingly affirm. We explain our conclusion in greater detail in the following parts.
In this Part we address the timeline in this prosecution.
On September 2, 2006, Ms. Thomas was arrested in Orleans Parish. On the incident report generated from that arrest, her home address was listed as 328 Pavilli-an St, New Orleans, Louisiana 70115. The incident report also contained Ms. Thomas’ social security number, physical description, and birth date. Ms. Thomas was continued in custody, reportedly unable to furnish bail in the sum of $6,000 as required by the magistrate judge: After being held in custody for seventy-seven days, Ms. Thomas handwrote a pro se motion seeking her release due to the district attorney’s failure to timely institute her prosecution. See La.C.Cr.P. art. 701 B. As that period of confinement exceeded that allowed by Article 701 B(l)(a), Ms. Thomas was ordered released without a bail obligation on November 27, 2006.
On November 3, 2008, the district attorney instituted formal prosecution of Ms. Thomas by filing a bill of information, charging her with possession of cocaine, a felony, in violation of La. R.S. 40:967 C.[2] See La.C.Cr.P. arts. 382 A (“[Cjriminal prosecutions in a district court shall be instituted by indictment or by information.”); 384 (“An information is a written accusation of crime made by the district attorney....”). Without the intervention of a neutral magistrate, the district l^attorney obtained a warrant, or alias ca-pias, for the arrest of Ms. Thomas.[3] An *95 arraignment hearing was set on November 18, 2008. The only evidence of any attempt to provide notice of this hearing to Ms. Thomas is a handwritten notation on the side of a single unsigned return for an unserved subpoena directed at 328 Paivil-lon St., which stated, “Street not listed in 2008 Haines Directory for New Orleans. Street also not listed on internet Mapquest for New Orleans area.” Without notice, Ms. Thomas failed to appear. The district court in that hearing issued another alias capias with no bond. No further action was taken in this case for over three years until Ms. Thomas was arrested on March 30, 2012.
On May 30, 2012, Ms. Thomas filed her motion to quash this bill of information, claiming that the prescriptive period to commence her trial under Article 578 A(2) had expired.[4] See La. C.Cr.P. art. 532(7). A hearing on the motion was held, and the trial judge granted Ms. Thomas’ motion to quash. The trial judge, finding that Ms. Thomas was under no bail obligation to notify the court of any changes in her address after her release under Article 701 B, held that the prosecution failed to carry their burden of proving the exercise of due diligence in obtaining Ms. Thomas’ presence for trial by legal process. The trial judge then found that the prosecution had untimely filed this bill of information because more than two years had elapsed since Ms. Thomas’ initial arrest.[5]
In this Part we discuss the legal precepts which guide our review of a trial judge’s ruling on a motion to quash.
“A motion to quash is ‘a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.’ ” State v. Franklin, 13-0488, p. 3 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 666 (citing State v. Carter, 11-0859, p. 3 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182). See also State v. Clark, 12-1296, p. 3 (La.5/7/13), 117 So.3d 1246, 1249. “All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La.C.Cr.P. art. 537.
“All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilt/ and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531. A motion to quash may be grounded in the prosecution’s failure to timely commence a defendant’s trial. See La.C.Cr.P. arts. 532(7), 578 A(2). See also State v. Ramirez, 07-0652, p. 3 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207.[6]
In non-capital felony cases, the district attorney is required to commence a defendant’s trial within “two years from the date of institution of the prosecution.” La.C.Cr.P. art. 578 A(2). This serves “to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions 1 sover citizens for indefinite periods of time.” Ramirez, 07-0652, p. 4, 976 So.2d at 207.[7] *96 The two-year limitations period set forth in Article 578 A(2) is prescriptive in nature. See State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205, 205 (per curiam). See also La.C.Cr.P. art. 578 cmt. (b). As such, the running of this time period may be interrupted. See La.C.Cr.P. art. 579 A.
Once a defendant asserts a facially meritorious motion to quash based on a failure to timely commence trial, the district attorney “bears the heavy burden” of showing that the running of this prescriptive period was interrupted. State v. Bobo, 03-2362, p. 4 (La.4/30/04), 872 So.2d 1052, 1055 (citing State v. Groth, 483 So.2d 596, 599 (La.1986)). Article 579 A provides three grounds for the interruption of the running of this limitations period, only one of which arguably applies in this case: when “[t]he defendant cannot be tried because ... [her] presence for trial cannot be obtained by legal process, or for any other cause beyond the control” of the prosecution. La.C.Cr.P. art. 579 A(2).[8] In order to meet his heavy burden of proof for this ground, the district attorney must show that he has “exereise[d] due diligence in discovering the whereabouts of the defendant as well as in taking ^appropriate steps to secure [her] presence for trial once [the district attorney] has found [her].” State v. Sorden, 09-1416, pp. 13-14 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 189 (quoting State v. Estill, 614 So.2d 709, 710 (La.1993) (per curiam)). See also Bobo, 03-2362, p. 5, 872 So.2d at 1055-1056. “This burden remains even where the prosecution has made numerous attempts at service and the defendant has moved out of the state’s jurisdiction.” Sorden, 09-1416, p. 13, 45 So.3d at 189 (citing State v. Chadbourne, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832, 832 (per curiam); Estill, 614 So.2d at 710).
The prosecution “has an affirmative duty to provide proof’ sufficient to show that the running of the prescriptive period to commence trial was interrupted. State v. Peters, 10-0939, p. 8 (La.App. 4 Cir. 11/17/10), 52 So.3d 233, 238. “Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter.” Franklin, 13-0488, p. 6, 126 So.3d at 667. Should interruption be proven by the prosecution, then the time periods for commencement of trial shall run “anew from the date the cause of interruption no longer exists.” La.C.Cr.P. art. 579 B. Should the district attorney fail to meet his burden of proof, however, the statute of limitation shall be given effect. See Ramirez, 07-0652, p. 4, 976 So.2d at 207 (citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286).
*97 We review the trial judge’s ruling on this motion to quash under an abuse of discretion standard. See State v. Batiste, 05-1571, pp. 8-9 (La.10/17/06), 939 So.2d 1245, 1251. A ruling on a motion to quash involving a speedy trial violation is a mixed question of law and fact. See State v. Brady, 18-0863, p. 3 (La.App. 4 Cir. 12/ll/13), 131 So.3d 166. As such, a judge must first make findings of fact and then apply the proper legal principles to those findings thereafter. These rulings should not be disturbed absent an abuse of the trial judge’s discretion.[9] See State v. Dillon, 11-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475. See also State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-1207 (setting forth that the complementary roles of our trial courts and intermediate appellate courts demand that deference be given to a trial judge’s discretionary decisions).
Our review of a trial judge’s ruling on this mixed question of law and fact requires us to examine both her findings of fact and choice of law to be applied to those facts. First, in reviewing a trial judge’s findings of fact, we are extremely deferential and “will ‘not overturn those findings unless there is no evidence to support’ ” them. State v. McClendon, 13-1454, p. 6 (La.App. 4 Cir. 1/30/14), 133 So.3d 239, 245, writ denied 14-0324 (La.2/19/14), 133 So.3d 667, 668, (quoting State v. Wells, 08-2262, p. 4 (La.7/6/10), 45 So.3d 577, 580). “This extremely heightened deference is rooted in the limitations of our appellate jurisdiction set forth in La. Const. art. 5, § 10(B), which provides: ‘In criminal cases, [an appellate court’s] jurisdiction extends only to questions of law.’ ” Id.
IsSecond, we review whether the trial judge abused her discretion in her choice and application of law. A trial judge necessarily abuses her discretion if her ruling on a motion to quash is based on an erroneous choice or application of the law. See State v. Hayes, 10-1538, p. 11 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, 15 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that “discretionary choices are not left to a court’s inclination, but to its judgment,” which is guided by sound legal principles) (internal punctuation omitted)). If a trial judge in exercising her discretion “bases [her] ruling upon an erroneous view or application of the law, [her] ruling is not entitled to our deference.” Dillon, 11-0188, p. 4, 72 So.3d at 476. Thus, if we find that the trial judge improperly applied or stated the law, we will adopt the trial judge’s findings of fact, provided that they are supported by any evidence, and apply those facts to the proper legal principles.
If the trial judge applied the proper legal principles, we then review discretionary decisions in her ruling for abuse. “A trial judge has a responsibility to control the district court over which [she] presides.” Love, 00-3347, p. 11, 847 So.2d at 1207 (citing La.C.Cr.P. art. 17 (“A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders .... It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done.”)). “That *98 responsibility frequently includes the exercise of discretion when deciding whether to grant or deny a motion to quash, |9and the duty to make reasonable rulings that protect the rights of defendants, without placing unnecessary limits on the State’s ability to prosecute cases.” Id. When examining these decisions, we presume that the trial judge acted appropriately, “based on [her] appreciation of the statutory and procedural rules giving [her] the right to run [her] court.” Id., 00-3347, p. 12, 847 So.2d at 1208. Thus, we review her ruling on this motion to quash for “palpable abuse” of judicial discretion. Id., 00-3347, p. 14, 847 So.2d at 1209.
IY
In this Part we apply these guiding precepts to the undisputed findings of fact in this case. We begin by setting forth the proper time period that should be reviewed for a determination of whether trial was timely commenced. We next review the tenability of the prosecution’s claims that Ms. Thomas’ failure to provide a proper address when she was initially arrested caused an interruption under Article 579 A(2). We then determine that the prosecution failed to exercise due diligence in its effort to locate Ms. Thomas in order to timely commence trial. As such, we hold that the trial court properly granted Ms. Thomas’ motion to quash the bill of information because the prosecution failed to timely commence her trial.
A
The proper period of time to be examined in deciding the merits of this motion to quash is the time between the district attorney’s institution of the prosecution and the commencement of the defendant’s trial. See La.C.Cr.P. art. 578 A(2). Here, the district attorney instituted the prosecution of Ms. Thomas on November 3, 2008, by filing a bill of information. This means that the prosecution had two years, or until November 3, 2010, to commence Ms. Thomas’ trial. As Ms. Thomas filed this motion to quash on May 30, 2012, her motion is clearly facially meritorious in its assertion that her trial was not timely commenced within the two-year statutory period. Thus, the district attorney must carry the “heavy burden” of showing that an interruption occurred in the running of that prescriptive period. Bobo, 03-2362, p. 4, 872 So.2d at 1055.
The prosecution, however, has put forth little evidence to show that the two-year limitations period was interrupted due to the prosecution’s inability to obtain the defendant’s presence for trial by legal process or for any other cause beyond the control of the district attorney. See La.C.Cr.P. art. 579 A(2). We observe at the outset that the prosecution did not request an evidentiary hearing in order to oppose the motion to quash and thereby offer any additional evidence or testimony beyond the relatively bare contents of the record. See, e.g., Franklin, 13-0488, p. 6, 126 So.3d at 667.
Relying on the record’s contents, the district attorney is relegated to claiming that he could not effect service upon Ms. Thomas because she furnished to the arresting officers or the booking deputy what he characterizes in his brief as a “fake” or “non-existent” address. The sole basis for this characterization, as best as we can ascertain, is an unsigned handwritten notation on a single return for an unserved subpoena directed to Ms. Thomas at 328 Pavilion Street, New Orleans, 1 ¶1 Louisiana 70115, which states, “Street not listed in 2008 Haines Directory for New Orleans. Street also not listed on internet Mapquest for New Orleans *99 area.”[10] No testimony or other evidence was offered to prove that Ms. Thomas provided a fake address.
The district attorney posits that the trial judge granted this motion after finding that Ms. Thomas had no “duty” to update her address with the court after her release from custody under Article 701. The district attorney argues to the contrary that Ms. Thomas thus “had some type of duty” to update her address as an arrested person is prohibited by law from furnishing “false information regarding the identity of such party” to the police. La. R.S. 14:108 B(l)(c). See also La.C.Cr.P. arts. 215.1, 228. Thus, his argument continues, by her (presumably) furnishing a false address, “it was never possible for the State to properly serve the defendant.”
He analogizes this duty to that of a defendant, who is released on bond, that must update the court with any change of address as required by Article 322. See Peters, 10-0939, p. 11, 52 So.3d at 239. This analogy fails, however. In Peters, the defendant had an affirmative duty stemming from a bond obligation to provide an accurate address and to update the court with any changes. “The defendant ... signing a bail bond shall write the address at which [she] can be served under [her] signature-” La.C.Cr.P. art. 322 A. The address “shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address | ^changes it by filing a written declaration in the proceeding for which the bond was filed.” La.C.Cr.P. art. 322 B.
Ms. Thomas, however, is not similarly situated to the defendant in Peters. Ms. Thomas was released from custody without any bond obligation due to the district attorney’s failure to timely institute her prosecution. See La.C.Cr.P. art. 701 B (“Failure to institute prosecution as provided in Subparagraph [B](l) shall result in the release of the defendant, if, after contradictory hearing with the district attorney, just cause for the failure is not shown.” (emphasis added)). As Ms. Thomas did not have a bond obligation to report changes in her address, the application of the principle set forth in Peters is not appropriate in this case.
We instead find that the proper principle to be applied was announced by us in Sorden.[11] In that case, the defendant had initially been released on an ROR bond. See Sorden, 09-1416, p. 2, 45 So.3d at 183. The district attorney subsequently dismissed the bill of information by a nolle •prosequi, and the defendant’s obligations under that bond were presumptively extinguished. See id., 09-1416, pp. 10-11, 45 So.3d at 187-188. The district attorney argued that the defendant’s failure to update her address, between his entering of the nolle prosequi and his re-institution of prosecution, prevented him from effecting service of process on her and thus interrupted the limitations period under Article 5791 A(2). See id., 09-1416, p. 9, 45 So.3d at 187. After discussing the obligations undertaken when a person is admitted to bail, we concluded in Sorden that the prosecution had failed to establish that the *100 defendant had violated any bail obligation. See id., 09-1416, p. 11, 45 So.3d at 188. Thus, in the absence of a contractual obligation under an existing bond, a defendant has no obligation to update the prosecution or the court of her whereabouts so that she may be served with notice. And a defendant’s failure to update them is, thus, not a ground for interruption of the limitations period. See id., 09-1416, pp. 11-12, 45 So.3d at 188.
Applying this principle set forth in Sor-den, we conclude that Ms. Thomas had no duty to update her address with the court; Ms. Thomas also had no duty to supply the court with an accurate address after her release under Article 701. The failure of Ms. Thomas to furnish an accurate or updated address after her release from custody without bail was not the cause of the district attorney’s inability to obtain her presence for trial by legal process, nor did it constitute any other cause beyond the control of the state.
B
In this Part, we examine whether the prosecution exercised due diligence in its effort to locate Ms. Thomas in order to timely commence her trial. The only evidence submitted by the district attorney to show the extent of his efforts is a single subpoena directed to Ms. Thomas that was issued on November 18, 2008. A single attempt at service of notice is ordinarily insufficient to show the exercise of due diligence in discovering the whereabouts of the defendant as well as the taking 1Mof necessary steps to secure her presence for trial once found. See Bobo, 03-2362, pp. 7-10, 872 So.2d at 1057-1059 (finding that the failure to follow up on an extradition request in order to prosecute an offender incarcerated in another state constituted a lack of due diligence); State v. Taylor, 439 So.2d 410, 414 (La.1983) (holding that two unsuccessful service attempts were insufficient to show the exercise of due diligence); Estill, 614 So.2d at 710-711(finding that simply listing a defendant in a computer database after a single visit to the site of his former home did not constitute due diligence). See also State v. Foster, 96-0670 (La.6/28/96), 675 So.2d 1101.
The record indicates that the police report also contained Ms. Thomas’ description, birth date, and social security number. The district attorney was silent as to any other effort to investigate Ms. Thomas’ whereabouts with that available information during the two-year limitations period. In fact, there is no suggestion in the record that any other effort was undertaken to notify Ms. Thomas of the pendency of the formal charges against her.
The record also indicates that Ms. Thomas was charged with resisting arrest at the time of her arrest in November 2006. She was issued a summons to appear in the New Orleans Municipal Court. The district attorney is silent as to whether he sought to develop any information from that source or any other. The district attorney has simply not demonstrated that, despite the exercise of due diligence, he was unable to locate Ms. Thomas and obtain her presence for trial.
^CONCLUSION
As here, where the burden is on the district attorney to establish that there was some interruption of the time limitation pursuant to La.C.Cr.P. art. 579, a trial judge must sustain the motion to quash. La.C.Cr.P. art. 538(3). According to Article 578 A(2), “no trial shall be commenced nor any bail obligation be enforceable ... [i]n [non-capital] felony cases after two years from the date of institution of the prosecution.” Thus, the trial judge prop *101 erly sustained Ms. Thomas’ motion to quash. See La.C.Cr.P. art. 581.
The district attorney was mandated by statute to commence the trial of Ms. Thomas for illegal possession of cocaine within two years of its filing of the bill of information or no later than November 3, 2010, unless it could prove that the running of the time period had been suspended or interrupted. The trial judge found no interruption had occurred, and we find no abuse of her discretion in that ruling.
DECREE
We affirm the judgment of the trial judge sustaining the motion to quash the bill of information, dismissing the charge, and discharging the defendant, Tanislla Thomas.
AFFIRMED.

.The trial judge did not reach a decision on Ms. Thomas' claim of a violation of her constitutional right to a speedy trial as set forth in her motion to quash. See La. Const, art. I, § 16; U.S. Const, amend. VI; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). We too do not reach this claim. "[Statutory and constitutional rights are distinct bases for asserting the right to speedy trial.” State v. Sorden, 09-1416, p. 7 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 185 (citing State v. Powers, 344 So.2d 1049, 1051 (La.1977)). These claims involve “wholly separate inquiries." Id., 09-1416, p. 7, 45 So.3d at 186. As our ruling on her statutory right to speedy trial will result in the final disposition of these proceedings, we chose not to address her constitutional claim.

. A felony is “any crime for which an offender may be sentenced to death or imprisonment at hard labor.” La. R.S. 14:2 A(4). A person convicted of a violation of La. R.S. 40:967 C “shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.” La. R.S. 40:967 C(2).

. It was not custom or practice in trial courts at the time of the issuance of this alias capias to require a showing of probable cause to arrest following the filing of a bill of information. Compare the current provisions of La.C.Cr.P. art. 496 B with State v. Rochon, 11-0009, p. 2 (La.10/25/11), 75 So.3d 876, 879.

. A motion to quash "shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion." La.C.Cr.P. art. 536.

. We recognize that the trial judge in this instance utilized the wrong time period in her reasons for judgment when she granted Ms. Thomas’ motion to quash. We assume the trial judge simply misspoke and intended to apply the time period between the filing of the bill of information and the commencement of the defendant’s trial as set forth in Ms. Thomas' motion to quash.

. It is not disputed that Ms. Thomas timely filed this motion "before commencement of trial.” La.C.Cr.P. art. 535 B.

. "Statutes of limitation, as the primary guarantees against inordinate delays, represent the legislative balancing of the interests of the *96 state against the interests of the defendant." State v. Rome, 630 So.2d 1284, 1286 (La.1/14/94). These statutory limitations for the commencement of trial "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant’s right to a fair trial would be prejudiced.” State v. Romar, 07-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725 (per curiam) (citing United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)).

. The prosecution only asserts that interruption occurred under La.C.Cr.P. art. 579 A(2). Thus, we do not review other possible sources of interruption of the running of this prescriptive period. See Greenlaw v. U.S, 554 U.S. 237, 244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) ("[A]s a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.” (internal punctuation omitted)). We do note, however, that nothing in the record evidences that Ms. Thomas fled from her usual place of abode with the purpose of avoiding prosecution for this charge or that she failed to appear at her arraignment hearing pursuant to actual notice. See La.C.Cr.P. art. 579 A(l),(3).

. Rulings on motions to quash, which do not require factual determinations and present only questions of law, are reviewed de novo— without any deference to the trial judge's legal findings or conclusions. See, e.g., State v. Schmolke, 12-0406, pp. 1-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-299.

. The police report spells the street "Pavilli-an," and the booking sheet spells it "Pavil-lion.”

. We have also recently issued an opinion dealing with a similar issue. See State v. Gregory, 13-1593 (La.App. 4 Cir. 3/5/14), 137 So.3d 663, 2014 WL 888901. In that case, we found that a defendant, having been released from her bail obligation under Article 701, no longer had any duty to update the court with any changes in her address. Id., 13-1593, p. 6, 137 So.3d 663, 668. As a result, we held that her failure to update her address could not serve as a justification for an interruption in the running of the time period under La.C.Cr.P. art. 578 A(2). Id.