BELSOME, J.,
DISSENTS IN PART WITH REASONS AND CONCURS IN PART
IH respectfully dissent from the majority opinion that the trial court did not abuse its discretion in denying the defendant’s motion to quash. Rather, I would find that the trial court misapplied the law and thus necessarily abused its discretion in denying the motion.[1]
Pursuant to La. C.Cr.P. art. 582, when a defendant is granted a new trial, the State is required to commence the second trial within one year from the date the new trial is granted, or within the time limits set by La. C.Cr.P. art. 578, whichever period is longer.[2] The State “bears a heavy burden” to prove either a suspension or an interruption of the time limit to commence trial to overcome a defendant’s apparently meritorious motion to quash based on prescription. State v. Rome, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286.
|2In this case, the Supreme Court decree ordering the defendant’s new trial became final on May 3, 2013. Therefore, pursuant to La. C.Cr.P. art. 582, the State had until May 5, 2014—one year from the order date — to commence retrial.[3] However, the defendant filed a discovery motion requesting access and inspection to certain evidence on November 7, 2013. That motion, as the majority acknowledged, had the effect of suspending the time period for retrial to commence.
When a defendant files a preliminary pleading, the prescriptive period for the State to commence the second trial is suspended until the court rules on the pleading. La. C. Cr. P. art. 580 (emphasis added). The State shall not have less than one year after the trial court rules on the pleading to commence retrial. Id. Thus, the State must commence retrial one year from the date the trial court rules on *217 defendant’s qualifying preliminary pleading. See State v. Campbell, 97-0358, p. 13 (La.App. 4 Cir. 5/20/98), 715 So.2d 488, 495, writ denied, 98-2485 (La. 2/12/99), 738 So.2d 564.
The record indicates that the trial court ruled on the motion on November 13, 2013. Therefore, the State had one year from that date to commence the retrial. I disagree with the majority’s reasoning that the trial court properly concluded that the defendant’s discovery request was still outstanding and thus the suspension remained ongoing.
The law is clear that a suspension triggered by a preliminary pleading terminates upon the ruling on the motion. Thus, I would find that the trial court 13was legally incorrect in denying Billy Lewis’s motion to quash. Accordingly, I would reverse that ruling and vacate his convictions and sentences.
In all other aspects of the majority’s decision, I concur.

. See State v. Gregory, 2013-1593, p. 6 (La. App. 4 Cir. 3/5/14), 137 So.3d 663, 668, writ denied, 2014-0716 (La. 5/23/14), 140 So.3d 730. "A trial judge necessarily abuses her discretion in denying a motion to quash if her ruling is based on an erroneous view of the law.” '

. La. C.Cr.P. art. 578. General Rule
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

. May 3, 2014 was a Saturday.