MADELEINE M. LANDRIEU, Judge.
liThe defendant, Karbin Paul, filed a Motion to Quash the bill of information filed against him. His motion alleged that the State violated his constitutional right to a speedy trial and that the State failed to bring him to trial within two years of the institution of the prosecution against him as required by Louisiana Code of Criminal Procedure article 578(A)(2). The State of Louisiana defended the motion claiming that Mr. Paul is responsible for the delay and alleged an interruption of the statutory prescriptive period. The trial court granted the motion and the State filed the instant appeal. For the reasons that follow, we affirm.
PROCEDURAL HISTORY
Mr. Paul was arrested on February 6, 2006 and charged with possession of cocaine. He posted a commercial surety bond on February 7, 2006. On the bond, Mr. Paul listed his address as 700 N. Rampart Street, New Orleans, Louisiana. This bond did not fix an appearance date for Mr. Paul.
Pursuant to this arrest, on April 7, 2006, Mr. Paul was charged by bill of information with one count of possession of methamphetamine in violation of Louisiana Revised Statute 40:967(0(2) and his arraignment was set for May 4, 2006. Mr. Paul failed to appear in court for his arraignment. He then failed to ^appear at two subsequent arraignment hearings. The record reflects that the sheriff attempted service on only one occasion, May *521 13, 2006, and only at the address listed by Mr. Paul on his commercial surety bond.[1] The sheriffs return is marked “Service, Other,” and the Comments section states, “Ninth Circle at Cong [sic] Square Restaurant appears to be getting renovated.” After Mr. Paul failed to appear at the third scheduled arraignment, the trial court granted the State’s motion for bond forfeiture and issued a warrant for Mr. Paul’s arrest. The arrest warrant listed Mr. Paul’s address as 1036 St. Peter. The sheriff never attempted to effect service on Mr. Paul at this address.
On March 17, 2011, the trial court was advised that Mr. Paul had been arrested. Mr. Paul appeared in court and pled not guilty to the 2006 charge. Soon thereafter, Mr. Paul filed the Motion to Quash that forms the basis of this appeal.
ASSIGNMENT OF ERROR
The State alleges that the trial court abused its discretion in granting Mr. Paul’s motion to quash his bill of information based on prescription.
DISCUSSION
The State instituted proceedings against Mr. Paul on April 7, 2006 when it filed a bill of information against him charging him with possession of methamphetamine, a felony punishable by imprisonment with or without hard labor for up to five years. La. R.S. 40:967(0(2); La.C.Cr.P. art. 382(A). Louisiana Code of Criminal Procedure article 578(A)(2) sets forth the time period in which the State was required to bring Mr. Paul to trial. That article provides that in non-capital felony cases, “... no trial shall be commenced ... after two years from the date of institution of the prosecution ...” Pursuant to this article, barring 13any interruption of this time limitation, the State had until April 7, 2008 to bring Mr. Paul to trial.
Mr. Paul based his motion to quash on two grounds: that the prosecution of his case violated his constitutional right to a speedy trial and that the State failed to bring his case to trial within the two year time limitation set forth in Louisiana Code of Criminal Procedure article 578(A)(2). The trial court granted the motion based only on the prescription claim.
The State defended the motion to quash and contends here on appeal that prescription in this case was interrupted as provided for in Louisiana Code of Criminal Procedure article 579, which provides, in part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or....
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
Once a motion to quash for untimely prosecution has been filed, the State is under a heavy burden to show a legal cause for the delay. State v. Williams, 631 So.2d 1370, 1373 (La.App. 5 Cir. 2/9/94) citing, State v. Taylor, 439 So.2d 410 (La.1983). The responsibility of proving timely prosecution rests with the state. State v. Dennis, 46,471 (La.App. 2 Cir. 9/21/11), 72 So.3d 968, 975, writ denied, 2011-2365 (La.5/18/12), 89 So.3d 1189. It is clear that more than two years elapsed from the institution of prosecution in this case and the date Mr. Paul filed his *522 motion to quash. Thus, the issue presented is whether the State established that the two year prescriptive period had been interrupted.
|4In an effort to establish an interruption, the State alleges that Mr. Paul violated Louisiana Code of Criminal Procedure article 322(B) when he failed to notify the court of his change of address. This article states that each address provided by the defendant on the bond “shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration.” Additionally, the face of the bond reads “as a further condition of this bond, I agree to immediately notify the clerk of court of any change of my address different from the address I now give under penalty of contempt of court.” The State asserts that it attempted service on Mr. Paul at the address that he provided on his bond and that this service was unsuccessful. Thus, the State contends that it sufficiently discharged its duty to provide notice to Mr. Paul.
In support of its position, the State cites State v. Peters, 2010-0939 (La.App. 4 Cir. 11/17/10), 52 So.3d 233. In Peters, efforts were made to serve the defendant by personal or domiciliary service and by mail, affirmatively establishing that the subject no longer lived at the address found on his bond. This Court found that the defendant’s failure to report a change of address triggered Louisiana Code of Criminal Procedure article 322, effectively interrupting the state’s two year time limitation established by article 578. The facts in the instant case are distinguishable.
In the instant case, Mr. Paul posted a commercial surety bond on February 7, 2006. This bond did not fix an appearance date for Mr. Paul. Louisiana Code of Criminal Procedure article 344(B) provides, “When a bail bond does not fix the appearance date, written notice of the time, date, and place the defendant is first ordered by the court to appear shall be given to the defendant or his duly appointed |fiagent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.” As such, when the State charged Mr. Paul by bill of information on April 7, 2006, it was required to provide Mr. Paul and his surety with written notice of the date of his arraignment. It did not.
The State could have accomplished this notice by one of three methods: by domiciliary service, by personal service, or through the United States Post Office, by either certified mail, return receipt requested, or first class mail to the addressee at the address listed on the subpoena. La.C.Cr.P. art. 735. The only evidence presented by the State of its attempt to serve Mr. Paul is the sole sheriffs return found in the record dated May 13, 2006. This return bears the following notations: “Service, Other” and “Ninth Circle at Cong [sic] Square Restaurant appears to be getting renovated.” The State has failed to present any evidence that it mailed a subpoena to Mr. Paul or that Mr. Paul had “actual notice” of his arraignment date.
The jurisprudence directs us that a single unsuccessful attempt at service does not interrupt the prescriptive period. In State v. Foster, 96-0670 (La.6/28/96), 675 So.2d 1101, the Louisiana Supreme Court found that a single attempt at domiciliary service on an individual who said that she did not see the defendant at that address very often and refused to sign the return “did not establish that relator had actual notice of the proceedings and did not discharge the state’s heavy burden ‘to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his *523 presence for trial once it has found him.’ ” Foster, at 1, 675 So.2d at 1102, quoting, State v. Estill, 614 So.2d 709, 710 (La.1993).
In State v. Sorden, 2009-1416, p. 15 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 190, the State made a single attempt at service on Ms. Sorden by mailing a copy of |fia subpoena to her residence which had been destroyed by Hurricane Katrina. This Court found that this one attempt was not sufficient and noted that there was no proof of actual notice in the record.
Whenever a defendant moves to quash the charge against him due to a violation of the time limits for bringing defendant to trial, the State bears the burden (sometimes referred to as a “heavy” burden) of showing that an interruption of the time limitation occurred. State v. Franklin, 2010-0792, p. 4 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, 819; State ex rel T.N., 2009-0431, p. 6 (La.App. 4 Cir. 11/12/09), 25 So.3d 962, 965. Here, the State had the burden of establishing that Mr. Paul either deliberately absented himself to avoid prosecution; or that he failed to appear at any proceeding pursuant to actual notice, proof of which appears of record. La.C.Cr.P. art. 579(A) and (C). The evidence submitted by the State does not establish either of these facts.
The sheriff made a single attempt at service at the address provided by Mr. Paul on his commercial surety bond. The wording of the sheriffs return does not conclude that no one lived at 700 North Rampart Street, nor that the address was abandoned or derelict — only that the building was being “renovated.” There was no follow-up to determine whether Mr. Paul actually lived at that address during the renovation. Even if the record established that Mr. Paul was absent at the time the deputy attempted service, the State failed to prove that Mr. Paul was absent to “avoid detection or prosecution.” Further, there was nothing in the record to establish that Mr. Paul had actual notice to appear at any proceeding. When the bill of information was filed, the State had an obligation to serve it on Mr. Paul through domiciliary service, personal service, or through the United States mail. It did not do so.
In State v. Love, 00-3347, pp. 9-10 (La.5/23/02), 847 So.2d 1198, 1206, the Louisiana Supreme Court held that “[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” The trial court found that the State failed to meet its burden of establishing an interruption to the prescriptive period. We find no abuse of the trial court’s discretion.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s granting of the motion to quash.
AFFIRMED

. The record is this case includes another address for Mr. Paul at which service was never requested.