ROLAND L. BELSOME, Judge.
I,The State is challenging the trial court’s grant of the Defendant’s motion to quash the bill of information.
The record provides that the Defendant, Myra Kelly, was arrested in July 7, 2004 and charged with access device fraud. On July 19, 2004, the Defendant was released from custody on her own recognizance. On the personal recognizance bond, she listed her address as 1526 Governor Nie-holls Street. The bond did not fix a date for the Defendant to appear in court.
On December 8, 2004, the Defendant was charged by bill of information with one count of bank fraud in violation of La. R.S. 14:71.1. Subsequently, arraignment was set for January 18, 2005, but the Defendant failed to appear for her arraignment.[1] Upon the request of the State, the trial court rendered judgment of bond forfeiture and issued an alias capias for her arrest. On March, 11, 2005, the clerk of court mailed notice of bond forfeiture by certified mail to the Governor Nicholls address that the Defendant listed on the bond.
|?Eight years later, on March 12, 2013, the Defendant was arrested pursuant to the alias capias. She appeared for arraignment on April 3, 2013 and entered into a plea of not guilty. The Defendant was released on a recognizance bond on April 10, 2012, and on April 12, 2013, she filed a motion to quash the bill of information, alleging that the time period for which the State to commence trial had expired and that that her right to a speedy *27 trial had been violated. The trial court granted the Defendant’s motion to quash on April 17, 2013. The State objected to the trial court’s ruling and filed a motion for appeal the same date.

STATEMENT OF FACT

The facts underlying the instant offense are not relevant to the issue on appeal. However, the bill of information provides that from March 17, 2004 through March 25, 2004, the Defendant “knowingly executed a scheme to defraud Whitney National Bank of monies, funds, credits, assets, securities or other properties by means of false or fraudulent pretenses, practices, transactions, representations, or promises.”

DISCUSSION

A trial court’s ruling on a motion to quash is a discretionary one, which should not be disturbed absent a clear abuse of discretion. State v. Sorden, 2009-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183; State v. Kitchens, 2009-0834, 2009-0835, p. 4 (La.App. 4 Cir. 3/24/10), 35 So.3d 404, 406-07; State v. Ramirez, 2007-0652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207; State v. Love, 2000-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206 (“[b]e-cause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to preverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”).[2]
The State contends that the trial court erred in granting the Defendant’s motion to quash on the grounds that the case had prescribed pursuant to La.C.Cr.P. art. 578. Specifically, the State argues that the two-year period to bring the defendant to trial was interrupted when she failed to appear in court after receiving actual notice of her arraignment and bond forfeiture.
La.C.Cr.P. art. 578 mandates the time limits on the commencement of trials depending upon the classification of the offense charged. It provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation. [Emphasis added].
Bank fraud is punishable by imprisonment with or without hard labor for not more than ten years; it is also a non-capital felony. La. R.S. 14:71.1; La. C.Cr.P. art. 933(3). Thus, as a general *28 rule, trial for the instant offense must have commenced within two years of the institution of prosecution. La.C.Cr.P. art. 578(A)(2). Because the prosecution was instituted against the Defendant on |4Pecember 8, 2004, she should have been brought to trial no later than December 8, 2006.
Once it is established that the State has failed to commence trial within the time periods specified by La. C.Cr.P. art. 578, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (per curiam); State v. Joseph, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032; State v. Bell, 2002-2349, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434; State v. Franklin, 2010-0792, p. 4 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, 819.
La.C.Cr.P. art. 579 governs the interruption of time limitations for commencing trial, and provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. [Emphasis added].
The State argues that Defendant’s failure to appear in court after receiving actual notice of her arraignment and bond forfeiture interrupted the two year time period for the prosecution to commence trial. The State concedes that the record |fidoes not contain documentation that “conclusively proves” that the Defendant received notice for the January 18, 2013 arraignment. Nevertheless, as proof of notice, the State relies on the January 18, 2013 minute entry, which reflects that the State introduced evidence of a subpoena to the Defendant to support its motion for bond forfeiture, and the certified mail receipt/clerk affidavit, which shows that notice of bond forfeiture was sent to the Governor Nicholls address. The State argues that because judgments of bond forfeiture enjoy a presumption that the evidence upon which they are based is sufficient, this presumption proves that the Defendant received actual notice of the arraignment. See, La. R.S. 15:423 (providing a legal presumption as to the regularity of judicial proceedings).
The State cites State v. Green, 2011-0094 (La.App. 4 Cir. 8/31/11), 72 So.3d 949, to support its argument. In Green, this Court held a minute entry evidencing that a defendant had appeared in open court and received notice of a rescheduled hearing date was sufficient proof of actual notice and thus found that the defendant’s subsequent absence from court after receiving notice interrupted prescription. Green, 2011-0094, p. 5, 72 So.3d at 952. However, as noted by the Defendant in her brief, Green is distinguishable because in the instant case, the minute entry does not show the Defendant was present or received notice in open court. The minute entry of January 18, 2005 provides: that the Defendant failed to appear for the arraignment; that the State moved for *29 bond forfeiture and introduced the bond and “subpoena to Defendant” into evidence; and that the trial court granted the bond forfeiture and issued a capias for her arrest. Although the entry indicates that a subpoena was issued to the Defendant, it does not establish that she | ¿was actually served with a notice of the arraignment date.[3] Thus, unlike Green, there is nothing in the record that proves that the Defendant actually received notice of the subpoena. As such, the State’s reliance on Green is misplaced.
Moreover, this Court in State v. Franklin, 2010-0792 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, found that a minute entry reflecting that a subpoena to the defendant was offered into evidence and a capias was issued was not proof that the defendant received actual notice of a pre-trial hearing. As in the present case, the prosecution in Franklin claimed that the minute entry constitutes sufficient proof of notice to interrupt the time limitations established by La. C.Cr.P. art. 578 based on the presumption of regularity of proceedings and judgments of bond forfeiture.[4] The Franklin Court disagreed, reasoning:
In State v. McCord, 98-2924 (La.App. 4 Cir. 2/3/99), 727 So.2d 1262, the State argued that the defendant’s failure to appear for his arraignment provided a sufficient interruption of the time limit to commence trial. Similar to this case, the trial court had issued a capias for the defendant’s arrest when he failed to appear for his arraignment, and the State relied upon the issuance of the capias to show an interruption in the time limit. The trial court accepted the State’s argument and refused to quash the bill. In a writ of review, this Court reversed the trial court’s decision, noting that although the State argued that the defendant did not appear for arraignment in September 1990, it presented no evidence to show that the defendant was notified of this arraignment date. La. C.Cr.P. art. 579 requires that the State show proof of actual notice to appear. Here, the State presented no such proof. McCord, p. 3, 727 So.2d at 1264.
|7In the case at hand, the only evidence of any notice to the defendant is the August 2nd minute entry reflecting that a subpoena to defendant was filed into evidence at the bond forfeiture hearing. However, the record does not contain any subpoenas or certified mail return receipts which would indicate that the defendant actually received notice of the scheduled pretrial hearing on August 2, 2006, the date the court ordered the defendant’s recognizance bond forfeited.[5] Also, at the motion to quash hearing, the State made no attempt to delay a ruling on the motion so that it might locate the missing subpoe *30 na. In light of the total absence in the record of any evidence that the defendant received the subpoena noted in the minute entry of August 2, 2006, the State failed to meet its burden of showing an interruption of the prescriptive period. Thus, the trial court did not commit error when it quashed the bill of information. [Emphasis added].
Franklin, 2010-0792, pp. 4-5, 62 So.3d 817, 819-820.
Likewise, in the present case, the record does not contain documentation showing that the Defendant received the subpoena referenced in the minute entry, and thus the State has not established proof that she had “actual notice” of the arraignment date. Accordingly, the State did not meet its burden of establishing that an interruption occurred that would toll the two-year limitation to bring the Defendant to trial.
|RThe State also attempts to establish an interruption by the notice of bond forfeiture sent by the clerk of court by certified mail on March 11, 2005.[6] As noted earlier, the notice was mailed to the Governor Nicholls address the Defendant listed in the bond. However, the certified mail receipt upon which the State relies |3only *31 shows that it was mailed, not that the Defendant actually received the notice. See, State v. Hassan, unpub., 2005-0135 (La.App. 4 Cir. 5/11/05), 902 So.2d 573 (finding that receipt of certified mail showing that notice of bond forfeiture was sent to the defendant’s address on his bond that corresponded to the affidavit signed by the clerk, but did not indicate that the mail was ever received, was insufficient to prove the defendant received actual notice and thus affirmed the trial court’s grant of a motion to quash). Moreover, as argued by the Defendant, the notice of bond forfeiture does not require an appearance, nor does it notify the Defendant of an upcoming hearing such that it would fall under La. C.Cr.P. art. 579(A)(3). Therefore, as in Franklin, the State did not meet its burden of showing that Defendant’s failure to appear at a proceeding “pursuant to actual notice, proof of which appears in the record” interrupted the two-year limitation to bring Defendant to trial. See also, State v. Dillon, 2011-0188 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 476 (finding that leaving a notice of arraignment at a defendant’s door did not constitute proper service for purposes of interrupting prescription and reversing the trial court’s denial of a motion to quash on those grounds); State v. Gibson, 2007-0530, p. 11, fn. 1 (La.App. 4 Cir. 10/24/07), 971 So.2d 389, 395 (noting in dictum that “the record [did] not contain evidence that [the defendant] received the notice that was mailed to him advising him of the hearing date” and thus “there [was] no proof in the record that [the defendant] received actual notice of that hearing as required by La.C.Cr.P. art. 579(A)(3)”). As such, the trial court did not abuse its discretion in granting the motion to quash based on prescription.
The State also argues that the trial court erred in granting the Defendant’s motion to quash on the grounds that her constitutional right to a speedy trial had been violated because the delay in bringing the Defendant to trial was solely 110attributable to the Defendant herself. Given our finding that the district court did not err in granting the motion to quash on statutory grounds, we find it unnecessary to address this assignment of error.
Accordingly, the trial court’s ruling granting the defendant’s motion to quash is affirmed.
AFFIRMED.

. The docket master provides that the arraignment was originally set for December 27, 2004. The minute entry of December 27, 2004 states that the Defendant did not appear for the "status hearing” and reset the arraignment of January 18, 2005. It also provides an instruction to "send notice" to the Defendant and the surety.

. This Court in State v. Hall, No. 2013-0453, (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 38-39, recently noted that although generally a trial court’s ruling on a motion to quash will not be reversed absent an abuse of discretion; when the motion to quash involves solely a legal issue the trial court's decision is subject to a de novo standard of review. Here, however, because Defendant’s motion to quash is based on prescription and involves some factual determinations, this Court applies an abuse of discretion standard of review. See, State v. Dillon, 2011-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475 (trial court rulings on motions to quash on grounds of prescription are reviewed under an abuse of discretion standard); State v. Brown, 2005-1146, p. 5 (La.App. 4 Cir. 7/26/06), 937 So.2d 419, 422 (the appropriate standard of review on a motion to quash based on a violation of defendant’s right to speedy trial is the abuse of discretion standard).

. The record shows that a subpoena was issued to the Defendant on December 9, 2004, notifying her of her initial arraignment date of December 17, 2004. It also indicates that notice was issued to the Defendant on January 10, 2005, for the January 18, 2005 arraignment. However, it does not contain any documentation showing that Defendant actually received either notices/subpoenas.

. It is important to add that the trial court in Franklin admitted that it would not have issued capias unless the defendant had received service, but this Court nevertheless found it insufficient evidence to prove actual notice of arraignment as required by La.C.Cr.P. art. 579, to show that two-year time limitation for bringing defendant to trial had been interrupted by defendant's non-appearance. Franklin, 2010-0792, p. 5, fn. 1, 62 So.3d at 819.

.The Franklin Court noted:
Under La.C.Cr.P. art. 735, types of service, subpoenas are to be served by "domiciliary service, personal service, or United States mail as provided in Paragraph B.” Domiciliary and personal service require delivery by the sheriff to the addressee or to someone of appropriate age and discretion residing at the addressee's dwelling. Under *30 Paragraph B, subpoenas may be sent by certified mail with return receipt requested or by first class mail. Section three of Paragraph B sets out the requirements; it states:
Service by mail shall be considered personal service if the certified return receipt or the return form is signed by the addressee. Service by mail shall be considered domiciliary service if the certified return receipt or the return form is signed by anyone other than the addressee.
Franklin, 2010-0792, p. 5, fn. 3, 62 So.3d at 820.

. The State also suggested at the hearing on the motion to quash that the "actual notice requirement is satisfied when mail is sent to the address on the bond” under La.C.Cr.P. art. 344 and because certified mail was sent to the Governor Nicholls address as required by La.C.Cr.P. art. 322, the Defendant had notice. La.C.Cr.P. art. 344 is entitled "Right to notice of time and place of defendant’s required appearance” and provides in relevant part:
B. When a bail bond does not fix the appearance date, written notice of the time, date, and place the defendant is first ordered by the court to appear shall be given to the defendant or his duly appointed agent and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.
[[Image here]]
D. Notice required pursuant to the provisions of this Article to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety shall be made to the address provided pursuant to Article 322. Notice may be:
(1) Delivered by an officer designated by the court at least two days prior to the appearance date.
(2) Mailed by United States first class mail at least five days prior to the appearance date.
La.C.Cr.P. article 322(B) states that the address provided by the defendant when signing his bail bond "shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration in the proceeding for which the bond was filed.” The State thus claimed that by mailing notice, to the Defendant at the address listed on the bond, the defendant had sufficient notice of the pending charges.
However, in order to interrupt the time period to bring a defendant to trial, the State must prove that a defendant failed to appear at any proceeding "pursuant to actual notice, proof of which appears of record.” La. C.Cr.P. art. 579(A)(3). Thus, although certified mail may constitute adequate notice for appearance and bond forfeiture under La. C.Cr.P. art. 344(D), the mere mailing of notice is insufficient to establish an interruption under La.C.Cr.P. art. 579(A)(3), as it explicitly requires proof of actual notice, which must appear in the record. As discussed above, the State has not established that the Defendant had actually received notice and did not satisfy its evidentiary burden. See, State v. *31 McLaurin, 05-857, p. 6 (La.App. 5 Cir. 3/28/06), 927 So.2d 570, 573 (the purpose of the notice provisions in bond forfeiture statutes is to provide prompt and adequate notice to the surety so the surety can quickly identify its bond obligation, locate the defendant, and surrender them to the court for trial); In re Bond Forfeitures Against Indiana Lumbermens Mut. Ins. Co. in Baton Rouge City Court, 633 So.2d 715 (La.App. 1 Cir.1993) (same). Moreover, the State failed to cite any jurisprudential authority to support its position that notice under La.C.Cr.P. art. 344(D) is sufficient to demonstrate actual notice of a proceeding to interrupt prescription pursuant to La.C.Cr.P. art. 579(A)(3).
It is important to add that Louisiana courts have discussed a defendant’s duty to provide a change of address under La.C.Cr.P. art. 322(B) in the context of prescription. State v. Paul, 2011-1347 (La.App. 4 Cir. 10/3/12), 126 So.3d 519, reh’g denied (10/31/12), writ denied, 2012-2576 (La.5/24/13), 116 So.3d 658 (finding that the State failed to carry its burden of establishing that defendant’s failure to notify court of change of his address interrupted two year prescriptive period where the sheriffs’ return did not indicate that address was abandoned or derelict and thus failed to present evidence that defendant was avoiding detection or prosecution, or any evidence of proof of actual notice). However, the State has not offered any evidence that Defendant either at the hearing or on appeal had changed her address such that it would trigger La.C.Cr.P. art. 322.