ROSEMARY LEDET, Judge.
| iThis is a criminal appeal. The State of Louisiana appeals the district court’s ruling granting the motion to quash filed by the defendant, Chadrick Williams. The sole issue the State raises on appeal is whether the trial court abused its discretion in granting the motion to quash. Answering that question in the affirmative, we reverse and remand.

STATEMENT OF THE CASE

On January 22, 2009, Mr. Williams was arrested.[1] On the following day, he was released on his own recognizance after posting a $15,000 bond. On April 17, 2009, the State filed a bill of information charging Mr. Williams with one count of theft over five hundred dollars, a violation of La. R. S.14:67.[2] On May 11, 2009, J^Mr. *1286 Williams failed to appear; and the district court reset his arraignment to June 3, 2009. On that date, Mr. Williams failed to appear; and the district court granted him a continuance and sent notice to his attorney. On July 7, 2009, Mr. Williams failed to appear for arraignment; and the district court granted him a continuance. The court was supplied with Mr. Williams’s address — SPC Chadrick Williams, 6537-2 Bragg Place, Fort Riley, Kansas 66442; the district court directed the clerk’s office to send Mr. Williams’ future notices to that address.
On July 27, 2009, Mr. Williams appeared, accompanied by counsel, for arraignment and pled not guilty. A restitution hearing was set for August 21, 2009. On that date, Mr. Williams failed to appear for the restitution hearing; and his counsel waived his presence. On both September 17, 2009 and October 22, 2009, Mr. Williams failed to appear for pretrial hearings; on both dates, his counsel waived his presence. Various pretrial motions were filed — motions to suppress evidence and statements, for discovery and inspection, and for exculpatory material. The district court set a motions hearing and a trial for December 2, 2009. On that date, Mr. Williams failed to appear and his appearance was waived on a defense motion. After granting a defense continuance, the district court reset the hearing for January 29, 2010. On that date, Mr. Williams failed to appear. The district court granted a defense continuance and reset the hearing for February 11, 2010. On that date, Mr. Williams failed to appear; and his counsel waived his presence. The hearing was reset to March 24, 2010.
lsOn March 24, 2010, Mr. Williams appeared, accompanied by counsel, for the hearing. The district court, however, continued the hearing because of a trial in progress; the hearing was reset for May 19, 2010. On May 13, 2010, defense counsel filed in the clerk’s office a motion to continue; and on May 17, 2010, defense counsel appeared in court without Mr. Williams and filed in open court a motion to continue. The matter was continued to May 19, 2010. On that date, Mr. Williams failed to appear. The hearing was continued pursuant to the defense motion; and it was reset for June 16, 2010.
On June 16, 2010, the hearing was continued on the defense motion; and defense counsel filed an oral motion to withdraw as counsel of record, which was granted. A hearing to determine counsel was set for July 9, 2010. On that date, Mr. Williams appeared in court without an attorney; he informed the court that he was in the military. The hearing on the motions was set for August 17, 2010. On that date, Mr. Williams failed to appear; the district court noted that Mr. Williams was in the military and reset the matter for August 20, 2010.
On August 20, 2010, Mr. Williams failed to appear for the discovery hearing. The State filed an answer to Mr. Williams’ discovery motions. The hearing on the discovery motions was reset for September 10, 2010. On that date, Mr. Williams failed to appear; the district court deemed his motions waived and set the trial for October 28, 2010. When Mr. Williams failed to appear for trial, the district court issued an alias capias without bond and set a pretrial conference for November 30, *1287 2010. On that date, Mr. Williams failed to appear; and the district |4court was advised that Mr. Williams was serving in the military. The pretrial conference was reset for December 10, 2010. On that date, Mr. Williams failed to appear; and the district court “was advised that Mr. Williams was said to be in Iraq.” The pretrial conference was reset for January 4, 2011.[3] On that date, Mr. Williams failed to appear for the pretrial conference; and it was noted that he was in the military. Thereafter, Mr. Williams failed to appear on the following dates for scheduled court appearances: February 4, 2011; March 15, 2011; March 22, 2011; April 11, 2011; June 3, 2011; July 22, 2011; and September 22, 2011.
On October 4, 2011, defense counsel, Sandra Allen-Borne, who had withdrawn from the case on June 16, 2010, re-enrolled and waived Mr. Williams’ presence. Defense counsel orally moved for the court to recall the alias capias it previously had issued for Mr. Williams because he was serving in the military in Iraq and that he would be returning to the United States within thirty to forty-five days. The district court, wishing to spare Mr. Williams the indignity of being placed in handcuffs upon his return to the United States, agreed that he should not be burdened with such worries while serving in combat and recalled the alias capias. The State filed a writ application seeking review of the trial court’s ruling recalling the capias in both this court and the Louisiana Supreme Court. Both courts denied the State’s -writ. State v. Williams, 11-1781 (La.App. 4 Cir. 4/09/12) (unpub.), and State v. Williams, 12-1035 (La.6/22/12), 91 So.3d 977.
| ¡/Thereafter, Mr. Williams failed to appear on the following dates for scheduled court appearances: October 14, 2011;[4] November 9, 2011 (Mr. Williams’ appearance was waived);[5] December 1, 2011; January 13, 2012; March 21, 2012;[6] October 10, 2013 (unscheduled judicial activity); October 24, 2013; and October 29, 2013. On October 30, 2013, defense counsel provided the State with a current address for Mr. Williams.
On December 4, 2013, Mr. Williams appeared in court. On that date, Mr. Williams’ counsel filed with the clerk a motion to quash under La.C.Cr.P. art. 535 B and La.C.Cr.P. art. 578 A(2). Mr. Williams made the following allegations in his motion to quash:
• He was charged with felony theft on April 17, 2009;
• It had been more than “4 years and 8 months since the institution of the prosecution of this offense and the matter had not gone to trial;” and
• This was far beyond the two-year period the State has to commence trial on the offense.
The district court granted the motion to quash; stating that by the State’s own calculation — as found in its writ application to the Louisiana Supreme Court, the State had until October 4, 2013 to bring Mr. Williams case to trial, but the State had failed to do so. The State’s appeal followed.

*1288
STATEMENT OF THE FACTS

|fiThe facts of the case are not relevant to the issue presented for review.

DISCUSSION

In State v. Kelly, 13-0715, p. 2, n. 2 (La.App. 4 Cir. 1/8/14), 133 So.3d 25, 27, unit denied, 14-0269 (La.9/12/14), 147 So.3d 703, this court recently explained the correct standard of review for a motion to quash as follows:
This Court in State v. Hall, 2013-0453 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 38-39, recently noted that although generally a trial court’s ruling on a motion to quash will not be reversed absent an abuse of discretion; when the motion to quash involves solely a legal issue the trial court’s decision is subject to a de novo standard of review. Here, however, because Defendant’s motion to quash is based on prescription and involves some factual determinations, this Court applies an abuse of discretion standard of review. See, State v. Dillon, 2011-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475 (trial court rulings on motions to quash on grounds of prescription are reviewed under an abuse of discretion standard); State v. Brown, 2005-1146, p. 5 (La.App. 4 Cir. 7/26/06), 937 So.2d 419, 422 (the appropriate standard of review on a motion to quash based on a violation of defendant’s' right to speedy trial is the abuse of discretion standard).
In this case, as in the Kelly case, an abuse of discretion standard applies.
The governing statutory provision is La. C.Cr.P. art. 578, which provides:
A.Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
... (2) In other felony cases after two years from the date of institution of the prosecution....
B.The offense charged shall determine the applicable limitation.
The time limitation is subject to interruption as provided by La.C.Cr.P. art. 579 A, which provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
|7(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
Another pertinent provision is La. C.Cr.P. art. 580, which provides:
A. When a defendant flies a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.
As noted at the outset, the State’s sole assignment of error is that the district court abused its discretion by granting Mr. Williams’ motion to quash based upon prescription. In support of its contention, the State argues that the law does not permit a defendant to deliberately disregard a charge that is pending against him, pointing to Mr. Williams’s many failures to appear at proceedings for which he had *1289 received notice. The crux of the State’s contention is that Mr. Williams’ failure to appear in court during the period from April 17, 2009 through December 4, 2013 was continuous and unbroken and served as an ongoing interruption of the State’s time limitation under La.C.Cr.P. art. 578. The interruption, the State contends, remained in effect until Mr. Williams appeared in court on December 4, 2013. The State asserts that Mr. Williams “has requested approximately 14 continuances and filed no less than 25 motions.” Having received sufficient notice under the law, the State posits that the period of limitation should have been considered interrupted and that Mr. Williams’ motion to quash should have been denied.
|sThe State further points out that although its prosecution of non-capital felony offenses is subject to a two year limitation under La.C.Cr.P. art. 578 A(2), delays in prosecution that are not attributable to the State serve to suspend or interrupt the running of the limitation period. Under La. C. Cr. P. art. 579, the State asserts that interruption occurs when a defendant cannot be tried because his presence cannot be obtained for any cause beyond the State’s control or when a defendant does not appear at a proceeding in response to actual notice and proof of same appears in the record. The State argues that La. C.Cr.P. art. 580 provides that suspension occurs when a defendant files a motion to quash or another preliminary plea and that the suspension continues until a trial court rules on the motion or grants a defense motion to continue. The State also cites La.C.Cr.P. art. 709 B, regarding the absence of a witness due to military service, which provides:
In addition to the requirements set forth in Paragraph A of this Article, when the motion for continuance is based upon the absence of a witness who is in the armed forces, the moving party, either the district attorney or the defense counsel, shall attest to facts showing that the absent witness is on active military duty in the United States Armed Forces.
The State further contends that the district court incorrectly relied upon a statement contained in its writ application to the Louisiana Supreme Court, seeking review of the ruling recalling the capais; particularly, the statement in the State’s writ application read as follows:
Prescription is the real issue in this case. When the trial court properly issued the alias capias on October 28, 2010, due to the defendant’s failure to appear, the time limitation imposed upon the State under La.C.Cr.P. art. 578 was interrupted. La.C.Cr.P. art. 579. When the trial court recalled the alias capias on October 4, 2011, the two-year time limitation established by La.C.Cr.P. art. 578 began to run anew. Id. Under Art. 578, the State has two years from October 4, 2011, until October 4, 2013, in which to bring the defendant to trial.
|3The State acknowledges what it calls the “error .in reasoning that recalling a capias ends interruption.” The State contends that under La.C.Cr.P. art. 579 B, interruption ends only when its cause is removed and that the issuance of a capias is not a cause of interruption under La.C.Cr.P. art. 579. Therefore, while the district court’s decision to recall its capias terminated one consequence of Mr. Williams’ absence, the State contends that it had no effect upon the cause of the interruption, which was the absence itself. The State thus contends that prescription did not begin to run again until Mr. Williams appeared in court on December 4, 2013. Finally, the State argues that under State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, it had no obligation to spend resources chasing a wayward defendant.
Mr. Williams counters that the State has failed to successfully carry its burden of *1290 showing that it may be excused from trying Mr. Williams during the two years preceding the filing of his motion to quash. Mr. Williams cites the State’s statement in its writ application to the Louisiana Supreme Court, quoted above, and contends that the district court correctly chose to hold the State to its statement. Mr. Williams acknowledges that if he had actually been overseas during the entire period from October 4, 2011 through October 4, 2013, the State’s argument that it could not try him would have merit because trial would not have been possible. He, however, contends that the State had no reason to doubt that he returned from Iraq within thirty to forty-five days after October 4, 2011, as his counsel represented to the district court. Mr. Williams contends that the record shows no effort by the State to send any notice to him to appear in court before his actual appearance on December 4, 2013.
| inMr. Williams further counters that even if the State is correct in its assertion that the recalling of an alias capias by a district court does not necessarily extinguish the cause of an interruption, in this ease the cause of any interruption ended when defense counsel re-enrolled, asked that the matter be set, and represented to all parties that Mr. Williams would be returning to the United States within thirty to forty-five days. In the alternative, Mr. Williams contends that the interruption ceased when he actually returned from Iraq and that the State has failed to show that he did not return before December 4, 2011. In either event, Mr. Williams contends that the State has failed to carry its burden of demonstrating that it was excused from bringing the matter to trial within the two years preceding his filing the motion to quash.
Based on our review of the record, we find, contrary to Mr. Williams’ contention, that the district court abused its discretion in granting the motion to quash for the following alternative reasons. First, as noted earlier, on October 4, 2011, defense counsel informed the district court that Mr. Williams was currently serving United States military duty in Iraq and requested that the district court recall the capias, which the district court recalled. In making that request, defense counsel assured the district court that “as soon as [the defendant] Mr. Williams comes into the United States, he will come into court.” Despite this assurance, Mr. Williams failed to come into court until December 4, 2013. As a result, we find that prescription was interrupted until that date; and the State had until December 4, 2015 to bring Mr. Williams to trial.
Alternatively, prescription remained interrupted until Mr. Williams notified the State of his current whereabouts. See Romar, 07-2140 at pp. 6-8, 985 So.2d at 726-27 (holding that La. C.Cr.P. art. 579 A(3) does not impose on the State the In affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice). The record reflects that Mr. Williams failed to notify the State of his current whereabouts until October 30, 2013, when defense counsel provided the State with Mr. Williams’ current address. We find that prescription was interrupted until that date; and the State had until October 30, 2015 to bring Mr. Williams to trial.
In either event, we find that the State carried its burden of demonstrating that prescription had not run at the time Mr. Williams filed his motion to quash-on December 4, 2013. The district court thus abused its discretion in granting Mr. Williams’ motion to quash.

DECREE

For the foregoing reasons, the district court’s ruling granting the defendant’s mo *1291 tion to quash is reversed; and this matter is remanded for further proceedings.
REVERSED AND REMANDED
LOVE, J., dissents and assigns reasons.

. A co-defendant, Paul Miller (Mr. Williams' father), was arrested with Mr. Williams and charged with the same offense. Mr. Miller is not a party to this appeal.

. La. R. S. 14:67 provides:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the *1286 subject of the misappropriation or taking is essential.
B. (2) When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.

. Although the pretrial conference was initially set for January 3, 2011, it was reset for January 4, 2011, by the court because January 3, 2011 was a holiday.

. On October 31, 2011, the State requested an extension of time in which to file its writ.

. On November 30, 2011, the State again requested an extension of time in which to file its writ.

. As noted elsewhere, on April 9, 2012, this Court denied the State's writ application; and on June 22, 2012, the Louisiana Supreme Court denied the State's writ application.