MADELEINE M. LANDRIEU, Judge.
hThe State of Louisiana appeals the trial court’s granting of the defendant’s motion to quash the bill of information. For the reasons that follow, we affirm the judgment of the trial court, which found that the two-year timé limitation for commencing trial had lapsed.
On or about November 25, 1995, more than twenty years ago; the defendant, *301 Timothy Billiot, was arrested with two- other individuals for, having checked into the Windsor Court hotel using forged checks totaling approximately $1,400.00. The record reflects that Mr. Billiot signed one check in the amount of $100.00, which, like the other checks used to pay for the group’s hotel room, was written on the closed account of another person. On November 25, 1995, Mr. Billiot was released on bond. On February 9,1996, Mr. Billiot was charged by bill of information with one count of forgery, a violation of La. R.S. 14:72, classified as a felony. The contact address listed by Mr. Billiot on his bond was 530 “Egeron” Street, Houma, LA 70363. After Mr. Billiot failed to appear for his first scheduled arraignment on February 22, 1996, the court issued an Instanter Subpoena to |2compel Mr. Billi-ot’s appearance for arraignment on March 4, 1996. The record shows that this subpoena was mailed on February 22, 1996 to 530 “Engeron” Street, Houma, LA, 70363. When Mr. Billiot, failed to appear on March 4, 1996, the court issued an alias capias for his arrest.
More than eighteen years later, Mr. Bil-liot was arrested and appeared in court on October 28, 2014, entering ,a plea of not guilty as to the forgery. On November 7, 2014, Mr. Billiot filed a motion to quash the bill of information on the ground that the two-year time limitation to commence trial had elapsed. Following a hearing on November 14, 2014,.the trial court granted the motion to quash.
The State appeals, arguing that the trial court- erred by granting the motion. The State contends that the statutory time limitation was interrupted when the defendant failed to appear on March 4, 1996, and began to run anew when the defendant appeared on October 28, 2014.
A trial court’s ruling on a motion to quash is discretionary, and should not be reversed absent a clear abuse,.of discretion: State v. Love, 2000-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206.
Code of Criminal Procedure article 532 provides the exclusive grounds upon which a motion to quash a bill of information may be based, including the ground that “[tjhe time limitation for the institution of prosecution or for the commencement of trial has -expired.” La.C.Cr. P. art. 532(7). As to the time limitations to commence trial, Code of Criminal Procedure Article 578 provides | athat trial shall be commenced in felony cases within two years from the date of the .institution of the prosecution. La.C.Cr.P.-art. 578(A)(2). However, this time limitation shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution,' flees from the: state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
La.C.Or.P. art. 579(A).
In granting the motion to quash, the trial court found that Mr. ■ Billiot’s failure to appear on March 4, 1996 did not interrupt the two-yeár timé period to commence trial because the State failed to meet its burden to prove that Mr. Billiot had' received actual notice of his scheduled court appearance. The State argues that, pursuant to Code of CriminaL Procedure Article 322, a defendant who signs a bail bond waives the right to any notice except for the notice provided for in Article 344(D), which includes notice mailed to the address listed on the bond “by United *302 States first class mail at least five days prior to the appearance date.” The State argues that the notice mailed on February 22,1996 satisfied this requirement.
 We find the' State’s argument' to be without merit. We first note that nothing in the record shows that any notice was ever mailed to 530 “Egeron” Street, the address listed on the bond,' as opposed to 530 “Engeron” Street. This discrepancy, however, would not defeat the State’s if it were the only issue. The issue here- is whether service by regular first class mail to the address provided by the | ¿defendant, which is proper notice for purposes of Code of Criminal Procedure article 344(D), is sufficient to satisfy the “actual notice” requirement of Code of Criminal Procedure article 579(A).[1] This court has consistently held that it is not. See State v. Kelly, 2013-0715 (La.App. 4 Cir. 1/8/14); 133 So.3d 25, writ denied, 2014-0269 (La.9/12/14), 147 So.3d 703, and cases cited therein. In Kelly, we held that meeting the notice requirements for bond forfeiture under Article 344 is not sufficient to prove that the defendant has failed to appear “pursuant to actual notice, proof of which appears in the record” under Article 579, which addresses interruption of the time limitation for commencing trial. We reasoned that once the defendant establishes that the State has failed to commence trial within the time period specified by Article 578, the State “bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription.” In Kelly, although the docket master noted the mailing of a subpoena by certified mail, the subpoena itself was not contained in the record. This court specif-, ically noted that the record lacked any “certified mail return receipts which would indicate that the defendant actually received notice of the ■ scheduled pretrial hearing....” 2013-0715, p. 7, 133 So.3d at 29.
Although the case before us differs from Kelly in that here, the actual subpoena is included in the record, on the face of the subpoena is a handwritten note indicating it was mailed. There is no indication that it was sent, by certified mail, nor a certified mail receipt included in this record.- Just as in Kelly, the record in this case contains no proof that the subpoena was actually delivered or received. Absent such proof, we cannot say the trial court erred by concluding that the State | stalled to establish “actual notice” sufficient to interrupt prescription. As we reasoned in Kelly:
[I]n order to interrupt the time period to bring a defendant to trial, the State must prove that a defendant failed to appear at any proceeding “pursuant to actual notice, proof of which appears of record.” La.C.Cr.P. art. 579(A)(3). Thus, 'although certified mail may constitute adequate notice for appearance and bond forfeiture under La.C.Cr.P. art. SMD), the mere mailing of notice is insufficient to. establish an interruption under La.C.Cr:P. art. 579(A)(3), as it explicitly requires proof of actual notice, which must appear in the record.
2013-0715, p. 8, n, 6, 133 So.3d at 30 (Emphasis added.)
In the case before us, the record does not demonstrate that Mr. Billiot actually received notice of the hearing date. Thus, the State has failed to establish an interruption. The time limitation for commencing trial.had long expired by the time the defendant filed his motion to quash. We therefore find no abuse of discretion by the trial court in granting the motion.
*303 Accordingly, we affirm the judgment of the trial court.
AFFIRMED
- LOBRANO; J., concurs in the result.

. Pursuant to La.C.Cr. P. art. 344(D)(2), notice is sufficient if ”[m]ailed by United States first class mail at least five days prior to the appearance date.”