**STATE OF LOUISIANA**      *      **NO. 2019-KA-0900**

**VERSUS**      *

**MICHELLE D. HARRIS**      *      **COURT OF APPEAL**

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-581 C\W 518-780, 542-492, 542-531, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Rosemary Ledet)

Leon Cannizzaro
District Attorney
Donna Andrieu
Scott G. Vincent
Irena Zajickova
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLANT

Leon Roche II
Colin Reingold
Laura Bixby
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue
7th Floor
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/APPELLEE

**VACATED; REMANDED.**

**JULY 22, 2020**

*JCL, RLB, RML*    The State filed the instant appeal, arguing that the district court erred when it dismissed its February 14, 2019 indictment charging Michelle D. Harris ("Defendant") with the second-degree murder of her two-year-old child ("Victim").[1] For the reasons that follow, we vacate the district court's judgment and remand for further proceedings.

On January 9, 2014, the State filed an indictment charging Defendant with one count of second-degree murder, a violation of La. R.S. 14:30.1, for which Defendant entered a plea of not guilty. On April 9, 2014, Defendant filed an omnibus motion to, *inter alia*, suppress statements, evidence, and identification, and for a preliminary hearing. The next day, Defendant filed a motion for a bill of particulars, which the State answered on October 28, 2014. Defendant filed another motion to suppress statements on November 14, 2014, as well as a motion for supplemental discovery with a request for a hearing.

---

[1] Additional facts regarding this case do not pertain to the issue on appeal.

On April 10, 2015, Defendant filed a motion for notice of all bad acts the State intended for use against her at trial and requested a hearing. Defendant moved to vacate the scheduled motions hearing, which the court granted. The next day, Defendant filed second omnibus motion to suppress statements, evidence, and identification, and for a preliminary examination.

The court heard defense motions on August 22, 2016, and denied the motion to suppress statement on September 15, 2016.[2] After multiple continuances filed by Defendant, or jointly with the State, trial was set for May 21, 2018. On May 14, 2018, the State filed its notice of intent to offer evidence of previous bad acts at trial. Defendant objected to the State's notice as untimely and requested a hearing. The court sustained Defendant's objection and excluded evidence of previous bad acts. Defendant filed a motion for speedy trial pursuant to La. C.Cr.P. art. 701[3] on May 22, 2018. Trial was set for August 20, 2018.

On the morning of trial, the district court denied the State's motion to continue based on the absence of a material witness.[4] The State entered a *nolle prosequi* and noticed its intent to reinstitute the charge, to which Defendant objected. The State filed another indictment charging the same offense on August 24, 2018. Defendant entered a plea of not guilty on August 30, 2018. On September 18, 2018, Defendant moved for, and was granted, immediate release

---

[2] The record does not contain a disposition of the remaining motions.

[3] La. C.Cr.P. art. 701(A) states that "[t]he state and the defendant have the right to a speedy trial."

[4] The material witness is Victim's father who allegedly had custody of Victim for part of the day on which Victim sustained her fatal injuries.

from custody based on the motion for speedy trial pursuant to La. C.Cr.P. art 701(D)(1)(a).[5]

On November 13, 2018, the parties appeared for trial. The State filed a second motion to continue based on the absence of the same material witness. After Defendant objected, the motion was denied. The State again entered a *nolle prosequi* and noticed its intent to reinstitute the charge, to which Defendant objected.

The State filed a third indictment charging Defendant with second-degree murder on February 14, 2019. On February 20, 2019, Defendant appeared for arraignment and entered a plea of not guilty. On April 3, 2019, Defendant filed a motion to quash the indictment, arguing that the State had violated her constitutional rights to a speedy trial pursuant to U.S. Const. amend. VI, La. Const. art. 1 §16, and *Barker v. Wingo*, 407 U.S. 512, 92 S.Ct. 2182 (1972).[6] Specifically,

---

[5] La. C.Cr.P. art. 701(D)(1)(a) states:

> D. (1) A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant's counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. Except as provided in Subparagraph (3) of this Paragraph, after the filing of a motion for a speedy trial by the defendant and his counsel, the time period for commencement of trial shall be as follows:
>
> > (a) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.

[6] The *Barker* test consists of four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant.

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into balance.

*Barker,* 407 U.S. at 530-31, 92 S.Ct. 2182.

Defendant argued that: (1) the State was flaunting its prosecutorial power; (2) the time from indictment to trial was presumptively prejudicial; and (3) the continuances and dismissals were deliberate delay tactics. The State opposed the motion, arguing that: (1) Defendant had not shown violation of her constitutional rights to a speedy trial; (2) Defendant caused many of the delays; and (3) the State's delays were caused solely by its inability to secure the presence of a material witness.

On May 13, 2019, the district court held oral argument on the motion to quash, after which it granted the motion, stating:

> With respect to, under Louisiana Code of Criminal Procedure Article 576, "Filing a new charge upon dismissal of prosecution shall not be instituted under this article following a dismissal of the prosecution by the District Attorney unless the State shows the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by article 578," which in this particular case as to 578 it requires that felony cases other than capital cases be instituted-a prosecution instituted within-trial takes place-excuse me-within two years of the prosecution.

> So, looking at the history of this particular case and the reasons previously given by the State for each of those requests for continuances on two trial dates where the court had expressly stated that those trial dates were must-go trial dates, and the court itself because of the history of those cases had denied any continuances on August 20th as well as on November 13, 2018. This court finds that the State has not established under article 576 that the dismissal and then refiling was for any other purpose other than avoiding the time limitation for commencement of the trial.

The State filed this timely appeal.

The States assigns one error for our review:

> The district court erred in granting Defendant's motion to quash based on its finding that the State failed to prove that its dismissal and reinstitution of the charges was not for the purpose of avoiding the time limitation for commencement of trial.

4

In *State v. Trepagnier*, 14-0808, p. 5, n. 3 (La.App. 4 Cir. 11/19/14), 154 So.3d 670, 673, this court set forth the standard of review for a district court's ruling on a motion to quash as follows:

> The standard of review that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented-such as in the present case involving a motion to quash under La. C.Cr.P. art. 535 A(1) for failure to charge an offense punishable under a valid statute-we apply a *de novo* standard of review. *State v. Olivia,* 13-0496, pp. 2-3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754; *State v. Schmolke,* 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299; *see also State v. Hamdan,* 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court's ruling on a motion to quash, the trial court's legal findings are subject to a *de novo* standard of review"). In contrast, when mixed issues of fact and law are presented-such as speedy trial violations and *nolle prosequi* dismissal-reinstitution cases-we apply an abuse of discretion standard. *State v. Hall,* 13-0453, pp. 11-12 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing *State v. Tran,* 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion"); *State v. Love,* 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206 ("[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion").

*Id.*; *see also State v. Kelly*, 13-0715, p. 2, n. 2 (La.App. 4 Cir. 1/8/14), 133 So.3d 25, 27; *State v. Williams*, 14-0477, p. 6 (La.App. 4 Cir. 12/17/14), 156 So.3d 1285, 1288 (quoting *Kelly, supra* ). Because mixed issues of fact and law are presented, we apply an abuse of discretion standard.

Defendant's motion to quash was based on a violation of her constitutional rights to a speedy trial pursuant to U.S. Const. amend. VI, La. Const. art. 1 §16, and *Barker, supra.* Instead, the district court granted Defendant's motion finding that the State failed to prove that its dismissal and reinstitution of the charges were

5

not to avoid the time limitation for commencement of trial pursuant to La. C.Cr.P. arts. 576,[7] relating to the institution of prosecutions. Pursuant to La. C.Cr.P. arts. 536, "[a] motion to quash . . . shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion." Further, an appellate court cannot entertain any ground for reversal of a district court's ruling not contained in the original motion to quash. *State v. Pete*, 12-0378, p. 7 (La.App. 4 Cir. 3/20/13), 112 So.3d 353, 358.

The district court erred when it failed to consider the grounds set forth in Defendant's motion to quash. Based on the foregoing, we find the district court erred in granting Defendant's motion to quash. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

**VACATED; REMANDED.**

---

[7] La. C.Cr.P. art. 576 states:

> When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
>
> A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.